## VAN CISE *et al.* v. CARTER.

H. obtained title to land described as the "Santa Fe Lode Mining Claim, Lot No. 402, embracing 8.80 acres," and he afterwards sold and conveyed an undivided half of it. The land was situated 3½ miles from Lead City in L. county, and listed in "Assessor's List, L. County," on page headed "Tax List of L. County," etc. The assessor wrote "Lead City" on the corner of the page and entitled it "List of Taxable Property Belonging to H. et al., of the Town of ———, L. County," etc. Under the ruled space headed "Town Lots" he wrote the words "Santa Fe Lode," omitting any entry in the spaces headed "School Dist.," "Lot," and "Block." In the assessment roll on another page, were similar entries, except the numbers of the road and school districts were given. *Held*, that the description was insufficient.

(Opinion filed Oct. 10, 1896.)

Appeal from circuit court, Lawrence county. Hon. A. J. PLOWMAN, Judge.

Action by Edwin Van Cise and John R. Wilson against Theodore G. Carter, substituted for Norman T. Mason, to set aside a tax deed. From a judgment in favor of defendant, plaintiff appeals. Reversed.

The facts are stated in the opinion.

*Edwin Van Cise* and *John R. Wilson,* in *pro per.*

The description of the property was insufficient. Stout v. Maston, 139 U. S. 151; People v. Purviance, 12 Ill. App. 216; Tallmon v. White, 2 N. Y. 66; Curtis v. Supervisors, 22 Wis. 167; Bird v. Benlisa, 142 U. S. 664, Keene v. Cannoval, 21 Cal. 290; Murphy v. Hill, 31 N. W. 754; Kern v. Clarke, 60 N. W. 809; Power v. Larabee, 2 N. D. 141; Power v. Bowdle, 54 N. W. 404; Black on Tax Titles, § 112; Weeks v. Waldron, 5 Atl. 660; Campbell v. Packard, 61 Wis. 88; Cooley on Taxation, 282.

*Martin & Mason,* for respondent.

The description was sufficient. Comp. Laws, § 1582; Black Tax Titles, §§ 112, 113; Tallman v. White, 2 N. Y. 71. See, also, Grant v. Grant, 6 S. D. 147, 60 N. W. 743.

Fuller, J. Upon a claim of fee-simple ownership, with an offer to pay as a condition of relief, all proper taxes, penalties, costs and expenses paid or incurred by the defendant, plaintiffs brought this equitable action to set aside a tax deed and quiet the title to certain real property described and designated as the "Santa Fe Lode Mining Claim, Lot No. 402," which consists of 8.80 acres, situated in Nevada Gulch, Whitewood mining district, Lawrence county, of this state, on the slope of Green Mountain, 3½ miles from Lead City, a regularly platted, unincorporated village and voting precinct, containing at the time to which this action relates about 1,500 inhabitants. From a decree in favor of defendant, plaintiffs appeal to this court.

As affecting the ground work of the assessment and taxation, counsel for appellants urge in the court below, and here rely upon, certain irregularities and omissions on the part of the taxing officers, which, they contend, are sufficient to impeach and defeat the sale. The facts, all of which are undisputed, will be considered, so far as essential, in connection with legislative enactments, specifying and defining the steps to be

taken by the respective officers charged with the duties of taxation. On the 13th day of January, 1887, Frank W. Hamilton, the original entryman of the property above described, obtained a United States patent thereto, in which the same was described as the "Santa Fe Lode Mining Claim, Lot No. 402, embracing 8.80 acres," and, on the 19th day of March immediately following he sold, and under the same description conveyed by deed to appellants, Edwin Van Cise and John R. Wilson, an undivided one-half interest therein, which they have continuously owned, as shown by the proof and evidenced by the record title, unless the same was divested by respondent's tax deed. The assessment roll or blank book used by the assessor for the year 1888 is similar to that usually provided for that purpose, and is labeled on the back "Assessor's List, Lawrence County, 1888," and on the first cover "Lead City." The ruled and spaced page of the assessment blank used in listing appellants' mining claim is headed "Tax List of Lawrence County, Dakota, for the Year 1888." The assessor wrote upon the corner of this blank "Lead City," and entitled the page "List of Taxable Property Belonging to .F. W. Hamilton *et al.*, of the Town of ——, Lawrence County, Dakota Territory, Subject to Taxation for the Year 1888." Under the ruled space headed "Town Lots" he wrote the words "Santa Fe Lode," omitting to make any entry of any kind in either of the spaces headed respectively "School Dist." "Lot," and "Block." He wrote in the space headed "Value" the figures "250." This was the only return for that year relating to the property in question, except the following entries in the assessment roll upon page 63, which bears the title "Assessment Roll. Return of Real and Personal Property in Lead City, Lawrence County, Dakota": In column headed "Owner's Name" the words "Hamilton, F. W. *et al.*"; in the column headed "Subdivision or Name of City," the words "Santa Fe Lode"; in column headed "Assessor's Valuation in Dollars," the figures "250"; in column headed "Number Road District," a ditto mark under the figure

"3"; and in column headed "Number School District," a ditto mark under the figure "6." Page 61 of the tax list prepared by the auditor for that year is entitled "Lead City. Tax List of Lawrence County, Dakota, for the Year 1888," and in a column headed "Name" are written the words "F. W. Hamilton *et al.*"; in column headed "Description" the words "Santa Fe Lode"; in column headed "Valuation in Dollars," the figures "250." In the treasurer's published notice of sale for delinquent taxes for the year 1888, under the headings "Name," "Description," and "Tax," the property in question was advertised as in school district No. 6, and referred to as "Hamilton, F. W., *et al.*," "Santa Fe Lode." In his certificate of sale issued to Lawrence county, respondent's assignor, said property is described as "Santa Fe Lode, Lead City," and the description contained in the treasurer's tax deed issued thereon, and by this action sought to be canceled, is as follows: "The Santa Fe Lode, situated in school district No. (75) seventy-five, and in road district No. (3) three." Including taxes, interest, penalty, fees, commissions and expenses, the validity of which are specifically questioned, the aggregate consideration for the tax deed was $11.82, and the cash value of the property described therein was at the time from $3,000 to $5,000.

Although from the county treasurer's receipt for the taxes of 1886 the property in question appears to have been returned as "Santa Fe Lode, Lot 402," without any designation as to a section, township, range, village, lot, or block, a determination of the sufficiency of that description is not essential to this appeal, and the point is mentioned merely to show a misleading diversity in the method of identification. Section 1544 of the Compiled Laws provides that "* * * the list of taxable property assessed to each person shall contain: (1) His lands by township, range and section, and any division or part of a section or numbered fractional lot of any section lying in the county in which the list is required. And when such parcel of land is not a congressional division or subdivision, it shall be

listed and described in some other mode sufficient to identify it. (2) His town lots, naming the town in which they are situated, and their proper description by number and block or otherwise according to the system of numbering in the town." A defective, mistaken, or false description of real property, made by an assessor, ordinarily pervades all subsequent proceedings, and is liable to mislead the owner, and deprive him of an opportunity to save his property by the due and timely payment of taxes, or by redeeming the same from a tax sale within the time allowed by law. Moreover, the matter is of public interest, and reasonable accuracy in description is necessary in order to enable a purchaser at tax sale to locate the land and defend his title against those who may claim adversely. Black, Tax Titles, § 112. Although Mr. Black and Judge Cooley, reject the doctrine as dangerous, it has been held—doubtless upon the theory that the owner who lists his land and takes the oath attached thereto knows what has been done— that a description which would be sufficient in a conveyance between individuals will be sufficient in a tax assessment; but that doctrine has no application to this case, as the assessor, in violation of Section 1584 of the Compiled Laws, wholly neglected to obtain the signature or affidavit of the owner, though the list used contained the printed form for the oath which the statute requires the assessor to administer to the owner. Mr. Black wisely and advisedly observes (Section 112, *supra*,) "that a tax sale of property that is misdescribed or not described in the assessment roll, will be wholly invalid and will pass no title to the purchaser, is conclusively established upon the authorities." This property was not a town lot; neither was it situated in the village of Lead City. Upon the contrary, it was 3½ miles therefrom, known and described of record as "Santa Fe Lode Mining Claim, Lot No. 402, embracing 8.80 acres." The tract not being a congressional division, subdivision, or town lot, the assessor was at liberty to adopt any reasonable mode of description sufficient to identify the same. The owners

of the property were not bound to examine an assessment roll labeled "Lead City," nor peruse a page upon the corner of which the assessor, for the purpose of identification, had written "Lead City," nor look for a description of their mining property, containing 8.80 acres of land, under a ruled space headed "Town Lots."

From a cursory examination of the agreed statement of facts, it will be noticed that no intelligible description of the property appears in any proceedings subsequent to the listing thereof for taxation, but all references thereto are confusing, misleading, and deceptive. Public officers authorized to take land, in which they have no interest, and, without the owner's consent, convey the same to strangers, must substantially pursue the statute from which such authority is derived, and a description thereof in any tax proceeding, sufficiently erroneous to render the exercise of ordinary diligence on the part of the owner ineffectual to prevent a divestment of title, because he is unable to ascertain what was intended by what has been done, should not receive judicial sanction. Tallman v. White, 2 N. Y. 66; Bird v. Benlisa, 142 U. S. 664, 12 Sup. Ct. 323; Lachman v. Clark, 14 Cal. 131; Curtis v. Board, 22 Wis. 167; Murphy v. Hall, (Wis.) 31 N. W. 754.

In addition to the foregoing fatal irregularities in the description of the property, counsel for appellants confident rely upon certain alleged "defects in the assessor's return, the failure to make it in time, the failure of the board of equalization to meet, the excessive levies, the defective advertisement, the error in computation of interest and penalty, the charge of 5 per cent commission and 50 cents for certificate, the making of a new description in the tax deed, the taking of a deed without notice, and the entry of judgment for defendant." But the view we have taken renders unnecessary a consideration of assignments of error pertaining to the foregoing points. The mandatory requirements of the statute, wisely designed to guard the interest of the taxpayer, have not been observed by the

taxing power, and, as the circumstances of each case, viewed in the light of the law applicable thereto, must measurably govern, we have regardfully considered and carefully weighed the points raised and discussed forcefully and at length by counsel for the respective parties. Our conclusion is that the judgment appealed from should be reversed, and 'that, upon the stipulated facts, appellants are entitled to a decree consistent with their prayer for relief, upon payment of all taxes, penalty, costs, and expenses lawfully chargeable against the property, and found by the court to be just and equitable. The judgment is accordingly reversed, and the case remanded with the direction that a decree quieting the title in appellants be entered in conformity with the views herein expressed.