## TURNER V. HAND COUNTY.

1. Description of property in a tax list as "s· 2 s e & s 2 s w sec. or lot 30 twp. or blk 113 rng. 69," is not sufficient, within Comp. Laws ? 1544, declaring that the list of taxable property assessed to each person shall contain (1) "his lands by township, range and section, * * * and when such parcel of land is not a congressional division or subdivision,

it shall be listed and described in some other mode sufficient to iden-
tify it. (2) His town lots, naming * * * their proper description
by number and block or otherwise according to the system of number-
ing in the town."

2. Laws 1889, Chap. 14 § 15, subd. 3, providing for a direct artesian well as-
sessment on lands for construction of such a well and water courses, to
be adjusted "with reference to the relative distance of such lands from
the well itself and the water courses," violates the constitutional pro-
visions requiring all taxes to be imposed according to the value of the
property, equally and uniformly, and limiting to municipalities local
improvements by special taxation, which must even then be uniform
with respect to all persons and property within the municipality.

(Opinion filed December 17, 1898.)

Appeal from circuit court, Hand county. Hon. LORING
E. GAFFY, Judge.

Action by Martha A. Turner against Hand county to quiet
title to certain real property. Judgment for defendant. Plaint-
iff appeals. Reversed.

The facts are stated in the opinion.

*John L. Pyle* and *L. H. Hole*, for appellant.

*S. V. Ghrist*, for respondent.

FULLER, J.    Claiming to be the fee-simple owner in posses-
sion of the S. ½ of the S. E. ¼ and the S. ½ of the S. W. ¼ of sec-
tion 30 in township 113, range 69; in Hand county, S. D., plaint-
iff instituted this action to quiet title thereto by setting aside a
tax deed issued on the 25th day of August, 1896, by the county
treasurer to the defendant county, in favor of whom judgment
in the circuit court was entered, from which plaintiff prose-
cutes this appeal.

In the proceedings of the taxing officers, including the tax
list and duplicate, appellant's land was described as follows,
and not otherwise:

| Name. | Description of Land. | | | |
| --- | --- | --- | --- | --- |
| | Subdivision. | | | |
| | | Sec. or Lot | Twp. or Blk | Rng. |
| Mattie A. Turner | s 2 s e & s 2 s w | 30 | 113 | 69 |

Section 1544 of the Compiled Laws provides that "* * *
The list of taxable property assessed to each person shall con-
tain : (1) His lands by township, range and section, and any
division or part of a section or numbered fractional lot of any
section lying in the county in which the list is required. And
when such parcel of land is not a congressional division or sub-
divison, it shall be listed and described in some other mode suf-
ficient to identify it. (2) His town lots, naming the town in
which they are situated, and their proper description by num-
ber and block or otherwise according to the system of number-
ing in the town." The foregoing is not such a tax list as the
statute contemplates, nor is the description sufficient to identi
fy anything according to the congressional system, or any
other method of description pertaining to land, whether it be
city property or fractional outlying lots. The combination "s
2 s e & s 2 s w sec. or lot 30 twp. or blk 113 rng. 69" is an
idealess jumble of letters and figures, confusing in the extreme,
and intolerable when employed as a means by which to devest
title to real estate without the consent of the owner. That a
tax sale of property not described in the assessment roll is void,
and passes no title to the purchaser, is a proposition in perfect
consonance with reason, conclusively established by authority.

VanCise v. Carter, 9 S. D. 234, 68 N. W. 539; Black, Tax Titles, § 112; Power v. Larabee, 2 N. D 141, 49 N. W. 724; Woods v. Freeman. 1 Wall. 398; Tidd v. Rines, 26 Minn. 201, 2 N. W. 497; Lawrence v. Fast, 20 Ill. 339.

Of the amount for which the property was sold $60 was levied pursuant to Chapter 14, Laws 1889, as a direct artesian well assessment, without any notice or opportunity for appellant to appear and be heard, and without respect to value, equality, or uniformity; and among the points urged and relied upon by counsel for appellant is that the statute authorizing such proceedings is unconstitutional and void. Like all other states, our constitution (Article 6, § 2) provides that "no person shall be deprived of life, liberty, or property without due process of law," and agreeable to an unruffled current of authority this court has held that "an opportunity to be heard at some stage of the proceedings is a condition precedent to the authorized seizure and sale of property for delinquent taxes." Evans v. Fall River Co., 9 S. D. 130, 68 N. W. 195. In connection with a provision for a general county and township tax predicated upon the valuation of the current or preceding year, to be assessed and collected in the usual manner for the purpose of defraying the incidental expenses of certain officers, and to aid in the construction of artesian wells, the enactment contains the following scheme for a special tax, apparently based upon supposed benefits accruing to individual owners of land located in the vicinity of the proposed well: "In addition to the foregoing general township and county assessments, the said board of assessment shall also make a special assessment against each piece and parcel of land directly benefited by said well and said water courses, carefully adjusting

the per cent. and amount of such assessments with reference to the relative distance of such lands from the well itself, and the water courses, and the amount so apportioned shall be levied as a special tax upon said land, and shall be placed upon the tax list by the county clerk or auditor under the head of 'Direct Tax for Artesian well,' and shall be paid into the county treasury as other taxes, and kept by said treasurer in a special fund to pay for the cost of constructing said well and said water ways; said assessment shall be for a sufficient amount with the general county and township tax aforesaid to pay for said well and water ways." Laws 1889, Chap. 14, § 15, subd. 3. The foregoing enactment suggests insuperable objections to its validity, too potent and numerous to justify demonstration when considered with the constitution requiring all taxes to be imposed according to the value of the property in money, equally and uniformly, and limiting to cities, towns, and villages the ability of the legislature to vest in corporate authority power to make local improvements by special taxation, which must even then be uniform with respect to all persons and all property within the municipality; and our conclusion therefore is that such direct assessment is void, because the law purporting to authorize it is repugnant to the constitution. Upon payment of all taxes which, but for the defective description, would have been made a lawful charge upon the land, and about which there is no dispute. and which appellant stands ready to pay, the tax deed should be vacated and set aside. The judgment appealed from is reversed, and the case remanded for furthur proceedings in conformity herewith.