STOKES V. ALLEN.

1.  A tax list as follows:

| NAME | DESCRIPTION | Sec. or Lot | Town or Block | Range | Acres | 100ths |
|---|---|---|---|---|---|---|
| H. S. Sutliff | Lots 1 & 2 S. E. 4 N. E 4 | 1 | 116 | 54 | 107 | 11 |
| Barbara George | S. W. 4 N. E. 4 & W. 2 S. E. 4   Less R. W. D. C. Ry. | | | | 116 | 96 |

—does not sufficiently describe the latter tract, the failure to give the section, township and range and the phrase, "Less R. W. D. C. Ry." rendering the description unintelligible.

2.  A notice of expiration of redemption from a tax sale which omits to give the section, township or range of the property is not a compliance with Sess. Laws 1891, Chap. 14, § 121, requiring the notice to contain a description of the property sold, etc.

3.  Under Sess. Laws, 1891, Chap. 14, § 118, providing that "the owner or occupant of lands sold for taxes or any other person may redeem the same at any time within two years or at any time before the execution of a deed by the county treasurer," a tax deed issued after the redemption of the property is void.

4.  A tax deed, though void on its face, constitutes color of title, and the real owner is entitled to have it canceled.

(Opinion filed March 1, 1902.)

Appeal from circuit court, Codington county. HON. A. W. CAMPBELL, Judge.

Action by W. H. Stokes against M. C. Allen to cancel of record a certain tax deed. Judgment for plaintiff, and defendant appeals. Affirmed.

*M. E. Sheldon,* for appellant.

*John B. Hanten,* for respondent.

CORSON, J.  This is an action by the plaintiff, who claims to be the owner of a certain tract of land in Kampeska township, Codington county, to cancel of record a certain tax deed held by the defendant, executed by the county treasurer of the said county on the 29th of November, 1898, on a sale made by said county for taxes assessed in 1893.  Finding and judgment for the plaintiff, and the defendant appeals.  On the trial of the case the court found the facts and stated its conclusions of law, the material parts of which are as follows:

"(7)  That the duplicate tax list for said township in said county and state for the year 1893 shows an extension of taxes as to said tract of land in the following manner:

EXHIBIT 4.

*Tax List for the Year 1893, Kampeska Township.*

| NAME | DESCRIPTION | | Sec. or Lot | Town or Block | Range | Acres | 100ths |
|---|---|---|---|---|---|---|---|
| H. S. Sutliff | Lots 1 & 2 S. E. 4 N. E. 4 | | 1 | 116 | 54 | 107 | 11 |
| Barbara George | S. W. 4 N. E. 4 & W. 2 S. E. 4 | Less R. W. D. O. Ry. | | | | 116 | 96 |

"(13)  That said tax deed as made is signed 'H. Mathiesen, Co. Treas., County Treasurer in and for Codington County,' and is not sealed by the county treasurer.

"(14)  That the said plaintiff redeemed from said tax sale of 1894 for delinquent taxes of 1893 on the 16th day of December, 1897."

From its findings the court concludes, among other things, as follows: "That said deed is invalid, because said land described in said tax deed, and of which the said plaintiff is the owner, has

not been properly described nor listed for taxation, and has not been properly described in the assessment roll, and has not been properly described in the original and duplicate tax lists for the year 1893." That the said premises "has been redeemed from the tax sale of 1894 for the delinquent sale of 1893, and that the plaintiff is entitled to the cancellation of said tax deed and to have his title quieted."

There are a large number of errors assigned by the appellant and discussed in his brief, but in the view we take of the case the decision of the court was fully justified by the findings before referred to. The description of the property is clearly defective, under the decision of this court in Turner v. Hand County, 11 S. D. 348, 77 N. W. 589. See, also, Power v. Bowdle, 3 N. D. 107, 54 N. W. 404, 21 L. R. A. 328, 44 Am. St. Rep. 511; Keith v. Hayden, 26 Minn. 212, 2 N. W. 495. It will be observed from the portion of exhibit 4 given in this opinion, that no section, township or range is given in describing the property. It is true that above the entry of Barbara George is that of H. S. Sutliff, in which his property seems to have been in section or lot 1, town or block 116, range 54, but there is nothing to indicate that the property attempted to be assessed to Barbara George was either in the section, township, or range in which Sutliff's property is situated. The fact, therefore, that there is no section, township or range given in connection with the letters and figures appearing in the exhibit, and the deduction to be made therefrom by the words and letters "Less R. W. D. C. Ry.", renders the description of the property unintelligible. Appellant contends that he introduced evidence on the trial, of experts, showing that it was the custom to use such symbols, and that such a combination of letters and figures could be deciphered by parties familiar with such

symbols; but it is difficult for us to understand how such an expert could decipher the section, township, and range from the description given, even if he could interpret the symbols. The same contention was made in Power v. Bowdle, *supra*, but the supreme court of North Dakota did not deem it tenable.

The notice served upon Barbara George purporting to have been signed by the defendant, notifying her that he would apply for a deed if the premises were not redeemed, was clearly insufficient, in that it failed to contain a full description of the property. It omitted to give the section, township, or range. Section 121, Chap. 14, Sess. Laws 1891, in force when these tax proceedings were had, requires that the notice to be given shall contain "the description of the property sold, the name of the purchaser and assignee, if any, and that the right of redemption will expire and a deed for said land or lot be made within sixty days from the completed service thereof." The notice given therefore fails to comply with the requirements of the law, and was clearly insufficient.

It also appears from the findings and in the court's conclusion that the property was redeemed from the sale prior to the execution of the tax deed sought to be canceled in this action. Section 118, Chap. 14, Sess. Laws 1891, provides: "The owner or occupant of any lands sold for taxes, or any other person, may redeem the same at any time within two years after the date of such sale, or at any time before the execution of a deed of conveyance thereof by the county treasurer." The property having been redeemed, the treasurer was not authorized to issue any deed thereafter, and a deed so issued was invalid if it had been otherwise valid. Without, therefore, further setting out the errors and defects in the proceedings found by the court, we deem the foregoing amply sufficient to support the judgment of the court in canceling the tax deed

in controversy. It is contended on the part of the appellant that, if the tax deed was void on its face, it cast no cloud upon the title of the plaintiff; but this contention cannot be sustained, under the rulings of this court holding that a tax deed, though void on its face, is sufficient to constitute color of title. Parker v. Vinson, 11 S. D. 381, 77 N. W. 1023. The plaintiff was therefore clearly entitled to the judgment canceling the tax deed and quieting the plaintiff's title to the property.

The judgment of the circuit court and the order denying a new trial are affirmed.