### MORAN V. THOMAS *et al.*

1. The letters and figures "S. 2, N. E. 4, and S. E. 4 N. W. 4 Sec. 29, township 118, range 54," contained in an assessor's book or list, were meaningless, and did not constitute a description of land sought to be assessed.

2. Where a description in an assessor's book or list of lands sought to be assessed constituted a mere meaningless array of letters and figures, the assessment was insufficient to confer jurisdiction to sell the land for nonpayment of taxes, and hence three years' record of a deed executed to the purchaser without objection was insufficient to preclude the former owner of the land from objecting to the validity of such deed under Rev. Pol. Code, §2214, providing that no action shall be commenced by the former owner of land to recover possession of land which had been sold and conveyed by deed for nonpayment of taxes, or to avoid such deed, unless commenced within three years after the record of the deed, etc.

FULLER, J., dissenting.

(Opinion filed July 6, 1905.)

Appeal from circuit court, Codington county; Hon. JULIAN BENNETT, Judge.

Action by John B. Moran against W. R. Thomas and others. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

*D. C. & W. R. Thomas,* for appellants.

*H. H. Potter* and *I. O. Curtiss,* for respondent.

HANEY, J. This is an action to determine adverse claims to certain real property. The appeal is from an order denying defendant's application for a new trial. The plaintiff owns the property in controversy unless it was transferred to the defendants by certain tax deeds, recorded more than three years prior to the commencement of this suit. The learned circuit

court found that the only attempted description of the property in the assessor's book or list was as follows: "S. 2, N. E. 4, and S. E. 4 N. W. 4 Sec. 29, township 118, range 54," and concluded that each of the tax deeds was void because neither was based on a valid assessment. The description is clearly defective under the former decisions of this court. Turner v. Hand Co., 11 S. D. 348, 77 N. W. 589; Stokes v. Allen, 15 S. D. 421, 89 N. W. 1023. This is practically conceded by the defendants, but they contend that the plaintiff is precluded from showing the defect because their deeds were recorded more than three years before this action was commenced. In the absence of any statement as to when the action was begun, it will be assumed that the following provisions of the statute were then in force: "No action shall be commenced by the former owner or owners of lands, or by any person claiming under him or them to recover possession of land which has been sold and conveyed by deed for nonpayment of taxes, or to avoid such deed, unless such action shall be commenced within three years after the recording of such deed, and not until all taxes, interests and penalties, legal costs and expenses shall be paid or tendered by the parties commencing such action. And whenever in any action at law or in equity, the validity of any tax sale certificate, or tax deed, arises upon the pleadings or otherwise, except where the property sold was not taxable, where the tax was for an illegal purpose, or where the tax was in fact paid before the sale occurred, such action shall not proceed in favor of the party assailing such certificate or deed, unless he shall within such time as the court shall deem reasonable deposit in court, for the benefit of the party claiming thereunder, an amount equal to the sum required by

law to redeem from the tax sale or sales involved, together with the costs and disbursements of the action then incurred by the party claiming under such certificate or deed." Rev. Pol. Code, § 2214. Special statutes, such as this, fixing a shorter period of limitations than that controlling other cases for attacking tax proceedings have been enacted in many states. 27 Am. & Eng. Ency. 985. "As a rule, these statutes reach only those defects which do not go to the absence of authority to sell or convey. They do not operate to cure jurisdictional defects, or to validate titles which are void for want of power to sell the property, as where there was no assessment, levy, or sale where the land was not subject to taxation, or where the taxes had been paid before the sale; and defects which go to the fraud of the parties are not within their operation." Id. 987. It requires no argument to show that the mere recording of an instrument in the form prescribed for tax deeds would not of itself cause the running of the statute. No one would contend that a forged deed would have that effect. A line must therefore be drawn between those cases which fall within and those which fall without the special limitation. The statute by its terms applies only where land "has been sold and conveyed by deed for nonpayment of taxes." Land cannot be sold for nonpayment of taxes which do not exist. Without an assessment there can be no tax. "Of the necessity of an assessment no question can be made. Taxes by valuation cannot be apportioned without it. Moreover, it is the first step in the proceedings against the individual subjects of taxation, and is the foundation of all which follow it. Without an assessment they can have no support, and are worthless." Cooley on Tax, (1st Ed.) 259. "An assessment

is in the broadest sense a jurisdictional requirement. It is the ground work of all subsequent tax proceedings. Without it, no taxing officer has jurisdiction to proceed further. The Legislature cannot dispense with it, or fix its basis. These matters are grounded in the Constitution. Its absence is not a mere irregularity." Roberts v. Bank, (N. D.), 79 N. W. 1049. All real and personal property in this state, subject to taxation, must be listed and assessed every year, with reference to its value, on the 1st day of May preceding the assessment. Rev. Pol. Code, § 2057. Whether this was done with respect to the property in controversy during the years involved in this action must be ascertained from an inspection of the assessor's book. It contains a description and the assessor's estimated value of the property or it does not. The combination of letters, figures, and signs relied upon is sufficient to identify the plaintiff's property, or it is ineffectual for any purpose. If it does not constitute a description of plaintiff's land, there is no evidence that the assessor ever considered the same, or intended to place a value upon it. In Turner v. Hand Co., supra, FULLER, J., speaking for the court, uses this language: "The combination 's 2 s e & s w sec. or lot 30 twp. or blk 113 rng. 69' is an idealess jumble of letters and figures confusing in the extreme, and intolerable when employed as a means by which to devest title to real estate without the consent of the owner. That a tax sale of property not described in the assessment roll is void, and passes no title to the purchaser, is a proposition in perfect consonance with reason, conclusively established by authority. Van Cise v. Carter, 9 S. D. 234, 68 N. W. 539; Black, Tax Titles, § 112; Power v. Larabee, 2 N. D. 141, 49 N. W. 724; Woods v. Freeman, 1 Wall. 398; Tidd v.

Rines, 26 Minn. 201, 2 N. W. 497; Lawrence v. Fast, 20 Ill. 339." So, in the case at bar, the plaintiff's property was not described in the assessment roll, it was not assessed, its sale for taxes was void, no title passed to the purchaser, and, notwithstanding the tax deeds had been recorded more than three years when this action was commenced, the court did not err in concluding that the plaintiff was entitled to a judgment quieting title in himself as against all the defendants.

The court below, having found that there was no assessment of the property for the years 1886 to 1895, inclusive, decided, that the property should be reassessed for those years; that defendant W. R. Thomas should recover such amount as should appear to be legally due him for the year 1886; that defendant Esther Thomas should recover such amount as should appear to be legally due her for the years 1887 to 1892, inclusive, and that defendant Morris should recover such amount as should appear to be legally due him for the years 1893 to 1895, inclusive, and the amounts paid by him as taxes, with legal interest for the years 1896 to 1900, inclusive. This adjustment of the taxes was authorized by the statute, and no tender of the amounts paid by the defendants was necessary before beginning the action. Rev. Pol. Code, § 2225; Clark v. Darlington, 7 S. D. 148, 63 N. W. 771; Salmer v. Lathrop, 10 S. D. 216, 72 N. W. 570; Clark v. Darlington, 11 S. D. 418, 78 N. W. 997; Campbell v. Loan & Trust Co., 14 S. D. 483, 85 N. W. 1015. Finding no reversible error, the order appealed from is affirmed.

FULLER, J. (dissenting). To me it seems clear that my associates have overlooked the fact that the statute had not

run against the deed in the case of Turner v. Hand County, 11 S. D. 348, 77 N. W. 589, by which they appear to have been controlled, and what is deemed jurisdictional defects are only irregularities on the part of authorized officials, concerning which all inquiry has been foreclosed by the lapse of time and in contemplation of the statute. I steadfastly believe that a tax deed fair upon its face, and recorded three years prior to the commencement of an action of this character, should be sustained unless it is shown that the taxes were paid, or the property not subject to taxation.