EVANS, Appellant, v. DOOLITTLE et al., Respondents.

(153 N. W. 762.)

(File No. 3668.   Opinion filed July 16, 1915.)

**Taxation—Tax Deed—Tax Certificate—Description of Land—Recital of Lands Taxed, and of Lands Sold, Comparison—Bulk Sales.**

Where a tax deed stated that the grantee produced tax sale certificate in writing showing his purchase of the tract, parcels, or lot of land lastly described in the indenture, which tracts were sold at an aggregate sum named, being the amount due on the following tracts or lot of land returned delinquent for nonpayment of taxes to-wit: "Lots 2, Block 17, Ipswich," etc.; "SE¼, 32-121-67," etc.; that the said purchaser had demanded deed for the tracts mentioned in said certificate, and which was the least quantity of the tracts previously described that would sell for the amount due thereon for taxes; and the granting part of the deed described the land conveyed as "Lot 2, Block 17, Ipswich," etc., and as "the East half of Southeast quarter, Section 32, in Township 121, Range 67, Edmunds County, S. D.," etc.; held, that, the description in the granting part being sufficient, and describing the tracts in the same order as before, the description in the deed was sufficient, in view of

Comp. Laws 1887, Sec. 1622, providing that the person offering to pay the amount due on any parcel of land for the smallest portion of the same is to be considered the highest bidder, and, when such portion constitutes a half or more of a parcel it is to be taken from the east side thereof, dividing it by a line running north and south, and of Sec. 1639, providing a form for tax deeds and requiring them to contain, among other things, recitals of the amount paid at the tax sale as the amount due on the lot of land returned delinquent for non-payment of taxes, and a description of the land offered for sale; that, in construing the descriptions in the deed, the whole instrument should be considered, and therefore, if in any other part of it there is something that clears up any latent, or patent, ambiguity in any other part, the instrument is thus made good. **Held**, further, that the recitals in said deed did not show a bulk sale of various tracts of land.

Smith, J., dissenting.

Appeal from Circuit Court, Edmunds County. Hon. JOSEPH H. BOTTUM, Judge.

Action by E. P. Evans against Tom C. Doolittle and others, to quiet title to land. From a judgment for defendants, plaintiff appeals. Affirmed.

*W. F. Mason,* for Appellant.

*Julius Skaug, M. Plin Beebe,* and *C. M. Stevens,* for Respondents.

Appellant submitted that: There is no sufficient description in the deed of any lot or tract sold at tax sale because there is no designation of any county or state; and cited: Tucker v. Van-Winkle, 105 N. W. 607; G. F. Sanborn & Co. v. Alston et al., 116 N. W. 1099. That, if county and state were added, there would still be no proper description of the tract in controversy, or of any one of the five tracts last described in the description of the property sold and conveyed; citing: Knudson v. Curley, 15 N. W. 873; Kipp v. Fernhold, 33 N. W. 697. That the deed is void on its face, because it recites a bulk sale of many tracts not contiguous, for a gross sum; citing: Salmer v. Lathrop, 10 S. D. 216, 72 N. W. 570; Allen v. Buckley, 94 Mo. 158, 7 S. W. 10; Barnes v. Boardman, 49 Mass. 106, 21 N. E. 308, 3 L. R. A. 785; Eldridge v. Robertson, 19 Okla. 165, 92 Pac. 156; Lowenstein v. Sexton, (Okla.) 90 Pac. 410; Cartwright v. McFadden, 24 Kan. 662; Comp. Laws 1887, Sec. 1639; Beggs v. Paine, 109

N. W. 322; Rector & Wilhelmy Co. v. Maloney, 15 S. D. 271, 88 N. W. 575; Power v. Bowdle, 3 N. D. 107, 54 N. W. 404, 21 L. R. A. 328.

Respondent submitted that: The deed does not show a bulk sale; and cited: Bennett v. Darling, 15 S. D. 1, 86 N. W. 751; Cornelius v. Ferguson, (S. D.), 91 N. W. 460, 97 N. W. 388, and 121 N. W. 91; Black on Tax Titles, Sec. 401; Blackwell on Tax Titles, Sec. 782; 27 Am. and Eng. Ency., 968; 37 Cyc. 1448. That the description in question is in accordance with common usage, and would be understood not only by abstractors and real estate men, but by every person that would understand a description such as the one in the granting portion of the deed; citing: Power v. Bowdle, 54 N. W. 404; 27 Am. and Eng. Ency. 970. That the omission of the county and state does not invalidate the description where the township and range are given; citing Haynes v. Heller, 12 Kan. 381.

GATES, J. Action to quiet title to 80 acres of land in Edmunds county. On September 21, 1889, one Hayden was owner of the land, and on that date conveyed the same, by warranty deed, to the Minneapolis Box & Lumber Company, which deed was recorded October 19, 1889. On November 2, 1912, before the commencement of this action, which was begun November 5, 1912, the Minneapolis Box & Lumber Company conveyed its title to the plaintiff, Evans, who brings this action against the defendant Doolittle and the John Hancock Life Insurance oCmpany and the Middlesex Banking Company, mortgagees of Doolittle. The land was at all times subject to taxation. November 3, 1890, the same, with other lands, was sold for unpaid taxes for the year 1889 to one Myers, and a certificate issued and delivered to him. October 19, 1893, a treasurer's deed was executed and delivered to Myers upon the certificate of sale, which deed was recorded April 10, 1894. On July 12, 1895, Myers conveyed to the Bank of Ipswich by deed recorded July 13, 1895, and on March 26, 1906, the Bank of Ipswich conveyed to the defendant Doolittle by deed recorded March 28, 1906. Doolittle has been in sole possession and occupancy of the premises since the execution and delivery of the deed to him in 1906. The trial court made findings of fact and conclusions of law favorable to defendant. Plaintiff appeals from the judgment entered pursuant to the findings and

conclusions, and argues many questions; but, as respondent con-
cedes that all of the questions argued, except those involving the
regularity of the Myers tax deed, were decided by the trial court
in favor of appellant, we shall confine our decision to the matters
in the tax deed.

[1] The form for a tax deed required by section 1639, Comp.
Laws 1887, contained, among other things, the following:

"Being the amount due on the following tract or lot of land,
returned delinquent for the nonpayment of taxes, costs and charges
for the year 18—, to-wit:  (Here insert the land offered for
sale.)"

The parts of the Myers tax deed material for our considera-
tion are as follows:

"State of South Dakota, County of Edmunds.

"Whereas, J. P. Myers did, on the 19th day of October, A. D.
1893, produce to the undersigned, David Gamble, treasurer of the
county of Edmunds, in the state of South Dakota, a certificate of
purchase in writing, bearing date the 3d day of November, 1890,
signed by P. E. Cox, who at the last-mentioned date was treas-
urer of said county, from which it appears that J. P. Myers did
on the 3d day of November, 1890, purchase at public auction, at
the door of the courthouse, in the town of Ipswich, in said
county, the tracts, parcels, or lot of land lastly in this indenture
described, and which tracts were sold to J. P. Myers for the ag-
gregate sum of one hundred sixteen and 93-100 dollars, being the
amount due on the following tracts or lot of land returned delin-
quent for the nonpayment of taxes, costs, and charges for the
year 1889, to-wit:  Lot 2, block 17, Ipswich, lot 3, block 18, Ips-
wich, lot 4, block 18, Ipswich, lot 19, block 19, Ipswich, lot 9,
block 9, Ipswich, lot 23, block 9, Ipswich, lot 4, block 9, Ipswich,
lot 8, block 8, Ipswich, SE¼, 32—121—67, SW¼, 6—124—67,
SW¼, 20—121—72, NW¼, 21—121—72, SE¼, 23—121—73,
* * * and the said J. P. Myers having demanded a deed for
the tracts of land mentioned in said certificates, and which was
the least quantity of the tracts above described that would sell
for the amount due thereon for taxes, costs, and charges as above
specified, and it appearing that said lands were legally liable for
taxation, and had been duly assessed and properly charged on
the tax book or duplicate for the year 1889, and that said lands

have been legally advertised for sale for taxes, and were sold on the 3d day of November, 1890:

"Now, therefore, this indenture * * * witnesseth that the said party of the first part * * * doth grant, bargain, sell, and convey unto the said party of the second part, his heirs and assigns forever, the tracts or parcels of land mentioned in said certificates, and described as follows, to-wit: Lot 2, block 17, Ipswich, lot 3, block 18, Ipswich, lot 4, block 18,, Ipswich, lot 19, block 19, Ipswich, lot 9, block 9, Ipswich, lot 23, block 9, Ipswich, lot 4, block 9, Ipswich, lot 8, block 8, Ipswich, east half of southeast quarter section 32, in township 121, range 67, southwest quarter section 6, in township 124, range 67, southwest quarter section 20 in township 121, range 72, northwest quarter section 21, in township 121, range 72, southeast quarter section 23, in township 121, range 73, Edmunds county, S. D. To have and to hold," etc.

An examination of the deed discloses that eight town lots and five quarters of something were returned delinquent for the taxes of 1889. Those quarters were not quarters of haystacks, nor yet of apple pie. That "something" was land. The deed so recites. Appellant offers three objections to the deed: i. e., that the letters and figures "SE¼, 32—121—67," constitute a meaningless jumble of letters and figures which contain no description of the tract in controversy nor of any tract containing the same, that the county and state are omitted from the purported description of lands assessed, and that the deed, in effect, recites a bulk sale of noncontiguous lots and tracts.

Considering the first objection, this is not a case of no description at all, but is, at most, a case of defective description. So far as the town property was concerned, the description was complete, with the exception that the county and state were omitted. But, even if we should concede that the description as contained in the first part of this deed was insufficient, so that, if there was nothing further in the deed to identify the land intended thereby, the deed would have to fail, yet there is no proposition of law better settled than that, in the reading of any instrument, the whole thereof should be considered in determining the construction to be given thereto, and that, therefore, if in any other part of the instrument there is something that clears up any latent or even pat-

ent ambiguity in another part, the instrument is thus made good. The deed in question, after describing the lands that were taxed, contains the following recital:

"And the said J. P. Myers, having demanded a deed for the tracts of land mentioned in said certificates, and which was the least quantity of the tracts above described that would sell for the amount due thereon for taxes."

Following this is given a description of the land as described in the certificate, which is recited to be the same land conveyed by the deed. No question is or can be raised as to the sufficiency of the last description. It will be seen that in this latter description the tracts of land are set forth in identically the same order as before, the several lots being identical with those described before and being described in identically the same words and figures. Then comes the description "east half of southeast quarter, section 32, in township 121, range 67," followed by other descriptions. Reading this quoted description in connection with the clauses above quoted, the deed declares that this description refers to the land or part thereof thereinbefore described. Can there be left any uncertaainty but that this description refers to one-half of the land described as, "SE¼, 32—121—67"? Can there be any doubt but that the property assessed was the southeast quarter of section 32, in township 121, range 67, and that the east half of that quarter was the least quantity of the quarter section that would sell for the amount due thereon for taxes? If there were still any doubt, it would be dissolved by a reference to section 1622, Comp. Laws 1887, which provided:

"The person who offers to pay the amount due on any parcel of land for the smallest portion of the same is to be considered the highest bidder, and when such a portion constitutes a half or more of the parcel it is to be taken from the east side thereof, dividing it by a line running north and south."

It is thus clear that the successful bidder paid the taxes on the whole of the southeast quarter of said section for a certificate to one-half thereof, which half is correctly described. In the case of Lines v. Digges, 43 Colo. 166, 95 Pac. 341, the tax deed contain an accurate description of the lands assessed, but contained no description of the lands sold, nor any attempt to de-

scribe them.   This defect was held fatal.   Among other things, the court said::

"The second description [the lands sold] should be of the same particularity as the first [the lands assessed], but any apt words which clearly indicate the property bid for and sold will be sufficient."

And again:

"And it seems to us that it is just as essential to state in the deed, in its prescribed place, a description of the property sold, by reference or otherwise, as it is to recite that the property was subjet to taxation."

Under this authority we think it must be conceded that, if the present deed had described the southeast quarter of said section fully and completely in that part of the deed where the property taxed is to be described, and if, in the subsequent description of the property sold, it had been described as "SE¼, 32—121—67," then we should very properly hold the deed to be valid.   Why should the tables not be reversed, and this inartistic description of the lands assessed be held good by reference to the second description, especially in view of the language of the deed above pointed out as connecting the two descriptions?   If, in the one case, the "SE¼, 32—121—67," would, by reference, be properly considered as the least quantity of the southeast quarter of section 32, township 121, range 67, that would sell for the taxes, why, in the second case, would not the "SE¼, 32—121—67," be properly considered as the property of which the southeast quarter of section 32, township 121, range 67, was the least quantity that would sell for the taxes?   As we have seen, the question of the "half" is otherwise made clear.

We are of the opinion that the so-called defects in the first description are so connected with the last description that it cures and makes absolutely certain the first description.   The recitals of the deed are that the description in the certificate is the least quantity of the first description that would sell for the tax, and that the description in the certificate is the description last designated in the deed.   The last description is a perfectly correct description as to section, township, range, county, and state.   In other words, the exact identity of the defective description is made certain by the second, the second being designated as a part of

the first.  The decisions of this court in Turner v. Hand County, 11 S. D. 348, 77 N. W. 589, Stokes v. Allen, 15 S. D. 421, 89 N. W. 1023, and Moran v. Thomas, 19 S. D. 469, 104 N. W. 212, have no application to the state of facts disclosed in this case.

Appellant's contention that the recitals in the tax deed show a bulk sale of various tracts of land cannot be sustained.  Bennett v. Darling, 15 S. D. 1, 86 N. W. 751; Cornelius v. Ferguson, 17 S. D. 481, 97 N. W. 388; Shelton v. Franklin, 224 Mo. 342, 123 S. W. 1084, 135 Am. St. Rep. 537.

The judgment appealed from is affirmed.

SMITH, J. (dissenting).  I cannot concur in the conclusion of my Associates as to the sufficiency of the description in the Myers tax deed.  To my mind, the line of reasoning adopted fritters away and wholly ignores the real purpose of the statute which requires two distinct descriptions of land in the tax deed. The description of the lands returned delinquent and offered for sale identifies the entire tract or quantity of land on which the taxes are paid by the sale, while the second description identifies the particular part of the delinquent lands which is sold.  It may well be that the latter description, being a part of the former, may be aided by the first description, but it is an entirely different thing to say that a correct description of the lands sold, which may be a part only of the delinquent lands, is a sufficient description of the lands returned delinquent.  The letters and figures "SE¼, 32—121—67," are legally meaningless in themselves, unless accompanied by words or abbreviations which make it apparent that they refer to some section, township, or range. My Colleagues humorously suggest that these letters and figures refer to land, and not to "pie," but the letters and figures themselves mean just as little in one case as in the other, and I think I may safely say the man who is permitted to acquire a title to land under such a tax deed is being handed a large and lucious piece of pie.