## Case No. 14,055.

### TILTON v. OREGON CENTRAL MILITARY ROAD CO. et al.

[3 Sawy. 22;[1] 1 Cent. Law J. 267.]

Circuit Court, D. Oregon. April 25, 1874.

TAXATION — ASSESSMENT — UNCERTAINTY — CLOUD UPON TITLE—TAX DEED.

1. An assessment of real property should substantially comply with the requirements of the statute (Code Or. p. 898) which requires each tract or parcel of land to be designated according to the United States surveys, if it be a subdivision of the same, or otherwise by specific metes and bounds or other certain description; therefore an assessment to the O. C. M. R. Co. of 196,008.99 of acres of land in Jackson county, in gross, without any other designation or description of the same, is void for uncertainty.

[Cited in brief in Alexandria Canal Railroad & Bridge Co. v. District of Columbia, 5 Mackey, 378, 380.]

2. An assessment of real property which contains no valuation of the same except this: "Total value of taxable property, 245,011," there being no mark or sign to indicate whether such figures were intended to represent eagles, dollars, cents or mills, or other thing capable of being numbered, is void for uncertainty.

[Cited in Re Boyd, Case No. 1,746.]

3. A court of equity will restrain the collection of an illegal tax upon real property where the enforcement of the same will result in a cloud being cast upon the title thereof.

[Cited in Gregg v. Sanford, 12 C. C. A. 525, 65 Fed. 156; Rich v. Braxton, 15 Sup. Ct. 1018.]

4. Under Laws Or. 1865, p. 10 (Comp. 1874, p. 767), a tax deed is primary evidence of title and the regularity of the prior proceedings, which evidence can only be overcome by the proof of certain facts dehors the deed; therefore the same casts a cloud upon the title of the property.

Motion for a provisional injunction [by Charles E. Tilton] heard and determined upon the bill—no one appearing for the defendants.

Cyrus Dolph and E. C. Bronaugh, for complainant.

DEADY, District Judge. It appears from the bill that the complainant is a citizen of New York. That the defendant, "The O. C. M. R. Co.," is a corporation formed under the laws of Oregon, with a capital stock of $100,000 divided into 400 shares of $250 each, and the defendant, McKenzie, is the sheriff of Jackson county, Oregon. That the O. C. M. R. Co. is the owner in fee of a large number of acres of land in said county, in 300 and odd distinct parcels, particularly described by township, section and range, and the plaintiff is the owner of thirty-one shares of the capital stock of said company. That said company is assessed upon the assessment-roll of Jackson county for 1873 as the owner of 196,008.99 acres of land in said

1 [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

county, in gross, without any other designation or description thereof, and without any valuation of the same other than this: "Total value of taxable property, 245,011." That the taxes levied upon the lands so assessed to said company by the proper authorities of said county, amount to $4,410.20, and the same will be collected by the defendant McKenzie by the sale of said lands, or so much thereof as may be necessary for that purpose, and a cloud be thereby cast upon the title of said company, unless restrained by the order of this court; and that said assessment is illegal and void for want of certainty in the description and valuation of said lands.

That this assessment is illegal and void, there is no room for doubt. The law prescribes that the assessor in making an assessment of real property shall set down in the assessment-roll, in separate columns, the following: 1. A description of each tract or parcel of land to be taxed, specifying, under separate heads, the township, range, and section in which the land lies; or, if divided into lots and blocks, then the number of the lot and block. 2. The number of acres and parts of an acre, as near as the same can be ascertained, unless the land be divided into blocks and lots. 3. The full cash value of each parcel of land taxed. 4. In case the land be other than a subdivision of the United States survey, or lots and blocks, it must be described by specific metes and bounds, or otherwise, so as to make the description certain. Code Or. p 898

In the case under consideration, the assessment-roll contains no description of the land whatever, except that there is in all 196,008.99 acres, situate somewhere in Jackson county. Neither the township, range, nor section, nor the metes and bounds of the tract, nor any parcel or portion of it is given.

Neither is there any cash value given in this roll of the whole or any portion of this land. It should have contained a valuation of each parcel and of the whole. The figures "245,011," entered in the column headed "Total valuation of taxable property," do not indicate any value. They are mere numerals signifying an abstract number.

In Hurlbutt v. Butenop, 27 Cal. 54, and People v. San Francisco Sav. Union, 31 Cal. 135, it was held that an assessment was void for want of a valuation of the property, where the figures in the valuation column were entered without any mark or sign to indicate whether they were intended to represent eagles, dollars, cents, or mills. Say the court in the latter case: "In the assessment-roll, in the column headed 'valuation,' there is nothing whatever to indicate what the figures are intended to represent; and, under the authorities cited, we are not authorized to say they mean dollars. They are simply numerals—'barren figures'—that are as often employed to indicate anything else that may be numbered, as dollars; or, if money is in-

dicated, the denominations may be either eagles, dollars, cents or mills."

But this assessment is clearly void on account of the omission to describe the lands and each separate parcel thereof by legal subdivisions according to the United States survey, or by specific metes and bounds, or in such other manner as to make the description certain, as required by law.·

The question has not been passed on by the supreme court of the state, but in Kelsey v. Abbott, 13 Cal. 616, an assessment was held void because the statute was not substantially complied with in 'the matter of the description of the property. This case has been followed by Lachman v. Clark, 14 Cal. 133; Moss v. Shear, 25 Cal. 44; People v. Sneath, 28 Cal. 615; Smith v. Davis, 30 Cal. 537; People v. San Francisco Sav. Union, 31 Cal. 135; and Taylor v. Donner, Id. 481.

The ruling in these cases was recently followed in Huntington v. Central Pac. R. Co. [Case No. 6,911], where an assessment of the defendant's railway in several counties of the state was held void, and the collection of the tax thereon restrained, because the same was "not made in accordance with the provisions of the statute" in the matter of the description of the land or lands upon which the ties and rails were laid.

But although the assessment is illegal and void, that fact alone is not sufficient to authorize the interference of a court of equity to restrain the collection of the tax. "It must appear that the enforcement of the tax would lead to a multiplicity of suits, or produce irreparable injury, or where the property is real estate, throw a cloud upon the title of the complainant, before the aid of a court of equity can be invoked." Dows v. City of Chicago, 11 Wall. [78 U. ·S.] 110; Ewing v. St. Louis, 5 Wall. [72 U. S.] 418; Hanniwinkle v. Georgetown, 15 Wall. [82 U. S.] 548; Coulson v. Portland [Case No. 3,275]; Mooers v. Smedley, 6 Johns. Ch. 30.

According to the allegations of the bill, and the course of proceedings prescribed by the law of this state, the defendant McKenzie, if not restrained, will proceed to levy upon and sell the lands of the O. C. M. R. Co., or sufficient thereof to pay this tax and the costs of the proceedings; and in due time thereafter will make and deliver a deed therefor to the purchaser, which, upon its face, will pass the title and carry with it the presumption that all the proceedings preliminary thereto were done and had in accordance with the law, which presumption can only be overcome by proof of either: "1. Fraud in the assessment or collection of the tax. 2. Payment of the tax before sale, or redemption after sale. 3. That the property was sold for taxes for which the owner of the property, at the time of the sale, was not liable, and that no part of the tax was levied or assessed upon the property sold." Sess. Laws 1865, p. 10.

The deed must contain a description of the property sold; but of the preliminary proceedings it need only state the amount bid, the year in which the tax was levied, that it was unpaid at the time of sale, and that two years had since elapsed, and no redemption had.

The description required to be inserted in the deed is of the property sold; and although the description on the assessment-roll may be so insufficient as to render the assessment void, it does not follow that that fact will appear in the deed. The collector may levy upon any one or more of the 300 and odd distinct parcels of real property belonging to the O. C. M. R. Co., in Jackson county, and sell and convey the same by proper and sufficient description on account of the non-payment of this tax. A warrant for the collection of delinquent taxes is to be deemed an execution against property, and executed as such. Code Or. p. 909.

It is not clear that the legal effect of such a deed could be avoided, unless it was held that the tax for which the land was sold was not "levied or assessed" thereon, because of the insufficiency of the description and valuation in the assessment-roll. The assessment could not be held fraudulent because simply insufficient or erroneous. A mistake or omission is not necessarily a fraud.

But however this may be, this deed would at least cast a cloud upon the title. As was said by the court in Huntington v. Central Pac. R. Co., supra: "It would only be necessary for the plaintiff to produce his deed to show title. It would then devolve upon the defendant to show affirmatively, by evidence dehors the deed, such fatal defects in the assessment as it is admissible to show under the provisions cited, the deed itself being conclusive as to other particulars; and this brings it within the test by which the question is determined whether a deed would be a cloud upon title established in this state by the decisions of the supreme court." In Pixley v. Huggins, 15 Cal. 133, the rule by which to determine whether a deed would cast a cloud upon the title or not, was stated as follows: "Would the owner of the property in an action of ejectment, brought by the adverse party, founded on the deed, be required to offer evidence to defeat the recovery? If such proof would be necessary, the cloud would exist; if no proof would be necessary, no shade would be cast by the presence of the deed."

It appearing, then, that the assessment and tax are invalid, and that if the collection of the tax is enforced, it will necessarily result in a deed being made to the property, or some portion of it, which will cast a cloud upon the title thereof, the complainant is entitled to an injunction.

Let a writ of injunction issue, according to the prayer of the bill, until the further order of this court. Injunction granted.