## COUNTY OF KENNEBEC.

† PINKHAM *versus* MORANG, & MONMOUTH MUTUAL FIRE INSURANCE COMPANY, *Trustees.*

A policy by a mutual company in which a lien is reserved on the property insured, granted upon an application materially false in the representation of the title, is void.

Thus, where the insured, in support of his representation of title, claimed under a sale for unpaid taxes, assessed in the year 1841, but offered no evi-, dence that the collector made return of his particular doings in the sale, within thirty days thereafter, such title is fatally defective.

Nor is such representation supported where the assured holds a deed of release of the premises from one who foreclosed a mortgage thereon, but who, in fact, had the title of only *one* of *two* joint mortgagees.

ON REPORT from *Nisi Prius,* RICE, J., presiding.

ASSUMPSIT. The defendant was defaulted.

The question was as to the liability of the trustees, a Mutual Fire Insurance Company. On March 12, 1850, they issued a policy to the plaintiff upon his dwellinghouse and barn, in accordance with his application wherein he represented himself as the owner. This policy, with the consent of the company, he transferred to the defendant. In March, 1850, the house was burned.

By § 6, of the charter of the company, it was provided that they should have a lien against the assured on all buildings insured by them, during the continuance of the policy, to the amount of the deposit note, and no more.

By art. 4, of their by-laws, it was required that every applicant for insurance shall, by himself or his agent, make out and subscribe, according to the forms prescribed by the directors, a written description of the buildings to be insured, with every circumstance material to the risk, and of the land to be included in the lien.

The premium note in this case was $6,00.

After the evidence was out, it was agreed to submit the cause to the decision of the full Court. The evidence of title, on which the case turned, is stated in the opinion. The tax, under which was made a claim of title, was assessed in 1841.

May, for defendants.

Stinchfield, for plaintiff.

APPLETON, J. — By the charter of the Monmouth Mutual Fire Insurance Co., it is provided, that " the company shall have a lien against the assured on all buildings insured by them" to the amount of his or her deposit note. It is material, therefore, that the party should truly represent his title to the premises insured. It has been held, that when a mutual company is entitled to a lien on all property insured by them, and when one of the conditions is, that if the representation made by the applicant is materially false, the policy should not cover the loss; it will operate as a fraud upon the members of the company, if the applicant calls the property proposed to be insured his own, when it is not or when his title is defective, and, thereupon, obtains an insurance upon it. Angell on Fire and Life Insurance, § 188; Brown v. Williams, 28 Maine, 252; Smith v. Bowditch Mutual Fire Ins. Co., 6 Cush. 448.

The applicant for insurance, in the present case, called the property his own, in his application, and upon the faith of this, his policy was issued.

An attempt is made to show title to have been in the assured, at the date of the policy, in two ways. —

First, by a tax title. The Act of March 6, 1826, c. 337, § 8, requires the collector to make a "return of his particular doings in the sale, within thirty days after it was made." His return is not before us. His testimony does not show when it was made. It is not shown to have been done within the time prescribed by the statute. The tax title must be regarded as fatally defective. Shimmin v. Inman, 26 Maine, 228; Andrews v. Senter, 32 Maine, 394.

Second, by the foreclosure of a mortgage. It would seem that Goodale & Nason, at one time, had a mortgage upon the premises; that Nason assigned his interest therein to one Emerson, who entered and claimed to have foreclosed the mortgage. The assured dervies his title from Emerson after his foreclosure. But there is no evidence that Goodale has ever parted with his interest in the mortgage. The title, therefore, of the assured, fails as to one-half of the premises, and, in accordance with the authorities already cited, we must regard the insurance as void.

*Trustees discharged.*