| 37 | 457 |
| 52 | 312 |

JAMES T. SANDERS ET AL., APPELLANTS, VS. FRANCES A. RANSOM, AS ADMINISTRATRIX, ETC., APPELLEE.

1. An instrument written upon the back of a tax certificate in the following form: "I hereby transfer and assign all my right, title, interest, claim and demand to the land described in this certificate to James T. Sanders and Jonathan N. Waller, their heirs and assigns forever, for the consideration of $50 to me in hand paid, receipt whereof is hereby acknowledged the day and year above written. W. R. Sanders (L. S.)," and attested by two witnesses, is not an assignment of such tax certificate, but a conveyance of the property described therein.

2. The words *transfer* and *assign* are not the usual operative words of a conveyance of real estate, but are sufficient to transfer the title. No particular form of words is necessary to effect a valid conveyance of lands. If the words used show an intent to convey a present interest they are sufficient for that purpose.

3. A description in a deed is sufficiently certain when made so by reference to another deed, map or instrument, where it is set forth. In such cases the map or instrument referred to becomes a part of the deed containing the reference, and the description is regarded as of the same effect as if copied into the deed itself.

4. The conveyance set out in the first head-note herein was not such an assignment of a tax certificate as authorized the issuing of a tax deed to the grantees therein.

5. Under the revenue act of 1883, where the State is not the purchaser, to enable any other person than the purchaser at the tax sale to take a deed upon such purchase, there must be an assignment of the tax sale certificate, and the fact of such assignment should be stated in the deed.

6. A tax deed to James T. Sanders and Jonathan N. Waller, under the revenue act of 1883, which, after stating in proper form the sale of the land by the collector to one W. R. Sanders, recites as follows: "Whereas, James T. Sanders and Jonathan N. Waller have purchased the right, title and interest of W. R. Sanders, acquired by reason of such tax sale, by paying $50 therefor," is invalid because it does not show an assignment of the tax sale certificate.

Appeal from the Circuit Court for Brevard county.

## STATEMENT.

Frances A. Ransom, as administratrix of Theodore M. Ransom, deceased, brought an action of ejectment in the Circuit Court against James T. Sanders and John N. Waller for a tract of land in Brevard county. Afterwards C. T. McCarty, Arthur E. Saeger and George A. Saeger were upon their own application made par-

ties defendant.   These additional defendants had purchased the land in controversy, or portions of the same, after the institution of the suit, and while the same was pending.   By agreement of the parties a jury was waived in the case, and "all issues of law and fact" therein were submitted to the Hon. John D. Broome, Judge of the 7th Judicial Circuit, at chambers, the finding and judgment to have the same force and effect as if rendered in open court.   The declaration was in the ordinary statutory form, and the plea was not guilty, upon which issue was joined.   A trial was had in accordance with the agreement, and judgment rendered for the plaintiff, from which defendants appealed.   (The appeal was taken before the adoption of the Revised Statutes).

The testimony developed that Theodore M. Ransom, the plaintiff's intestate, was the original patentee from the United States of the land in controversy, said patent having been issued to him May 1st, 1855.   The land was sold for taxes October 1st, 1883.   W. R. Sanders and J. A. McCrory acquired a tax title under this sale October 8th, 1884.   McCrory executed a quitclaim deed of the land to W. R. Sanders November 21st, 1884.   W. R. Sanders, on August 20th, 1886, conveyed the same land to the plaintiff, as administratrix, and the deed was duly recorded.   Prior to the execution of this last deed the property was again sold for its taxes on June 7th, 1886, and again bought by W. R. Sanders.   On July 10th, 1886, W. R. Sanders made the following conveyance, executed upon the back of said certificate issued upon such sale:

"CITY POINT, FLA., July 10, 1886.
"I hereby transfer and assign all my right, title, interest, claim and demand to the land described in this

certificate to James T. Sanders and Jonathan N. Waller, their heirs and assigns forever, for the consideration of $50 to me in my hand paid, receipt whereof is hereby acknowledged the day and year above·written.

W. R. SANDERS (L. S.)

Witnesses:

 J. R. MIOT,

 J. R. CARTER.''

This certificate was filed in the clerk's office, and a tax deed thereon executed to the defendants James T. Sanders and Jonathan N. Waller June 10th, 1887. It is under this tax deed that the defendants claim the property—claiming that the deed endorsed thereon was such a transfer thereof as authorized the clerk to make them a deed upon the same. This conveyance, executed upon the certificate as stated, was never re-corded in the record of deeds of the county where the land was situated. The tax deed of June 10th, 1887, to defendants Sanders and Waller, after stating in proper form the sale by the collector to W. R. Sanders, recites as follows: "Whereas, James T. Sanders and Jonathan N. Waller have purchased the right, title and interest of W. R. Sanders, acquired by rea-son of such tax sale, by paying $50 therefor." The conveyance is predicated upon such purchase.

*Robbins & Graham, Gaulden & Sanders*, for Appellants.

*Beggs & Palmer*, for Appellees.

LIDDON, J.:

The gist of the controversy made by the parties in this case is as to which takes precedence, the deed of W. R. Sanders to the plaintiff, or the tax deed of same

party to defendants Sanders and Waller. Much contention is made as to whether the plaintiff or the defendant acquired the better right to the interest of W. R. Sanders by means of such conveyances. The conclusions we reach is, that all of the tax deeds shown in the record were void, and the plaintiff being the legal representative of the patentee, was entitled to recover the land in controversy by virtue of the title derived from the patent; and independent of any title she may have acquired from the deed of W. R. Sanders to her. The appellants themselves contend that the title derived by W. R. Sanders from the tax sale in 1883 is void. Upon an inspection of the record we agree with them. Conceding the contention of appellants—taking them at their word—it is not necessary to state the reasons upon which we base our conclusion. The plaintiff is entitled to recover, unless the tax deed of defendants of June 10th, 1887, vested in them a good and valid title to the property. We will briefly state the reasons for our conclusion that such tax deed is void. Both parties to these proceedings treat the conveyance endorsed on the back of the tax certificate as a simple assignment of the certificate. We think it is a conveyance of the property described in the certificate. It does not purport to transfer the certificate itself, or even the rights and equities of W. R. Sanders derived from the certificate, but all of his "rights, title, interest, claim and demand *to the land described in this certificate*." The words "transfer and assign" are not the usual operative words of a conveyance of real estate, but still we think sufficient to transfer the title. No particular form of words is necessary to effect a valid conveyance of lands. If the words used show an intent to convey a present in-

terest, they are sufficient for that purpose. 3 Washburn on Real Property, p. 428; 1 Devlin on Deeds, sec. 211; Doe *ex dem.* Cobb vs. Hines, Busbee's Law, 343, S. C. 59 Am. Dec. 559; Warvelle on Abstracts of Title, pp. 192, 193. The certificate is used and referred to only to identify the property conveyed. A description in a deed is sufficiently certain when made so by reference to another deed, map or instrument where it is set forth. In such cases the map or instrument referred to becomes a part of the deed containing the reference, and the description is regarded as of the same effect as if copied into the deed itself. Allen vs. Bates, 6 Pick. 460; Jenks vs. Ward, 4 Met. 404; Boylston vs. Carver, 11 Mass. 515; Vance vs. Fore, 24 Cal. 435.

The statute under which the certificate in question issued provides that the same may be assigned by the person to whom the same was issued by merely writing his name on the back thereof. Section 52, pp. 35, 36, acts of 1883, Chapter 3413 laws of Florida.. The fact that more was done than the statute required for that purpose, connected with the amount recited to have been paid, *viz:* $50, indicates very clearly an intention to do something more than to merely assign the certificate. The consideration recited also impels us to the same conclusion. The tax certificate amounted to only $8.33, and which could have been redeemed at any time within a year of the sale, or nearly eleven months from the date of the alleged assignment, by paying interest at the rate of 25 per cent. per annum. The present value of the certificate at the time of the conveyance was less than $9. The deed purported to convey the land. It vested in Sanders and Waller all the right, claim and demand of W. R.

Sanders. Under this deed they need not wait until the expiration of the time of redemption of the tax certificate, and obtain a tax deed; but it was a muniment of title under which they could go into possession at once.

We do not think that the deed written upon the back of the certificate of 1886 was such an assignment of it as the statute contemplated, or that a tax deed could lawfully issue upon the same. Not only is there a failure to make such an assignment of the certificate as is contemplated by the statute, but by the deed from one holding a *prima facie* title as well as the certificate, and transferring all his "right, title, interest, claim and demand to the land," the claim or demand arising from the tax certificate became merged in the conveyance of the general title, and became but the evidence of the payment of taxes, and no valid tax deed could thereafter be issued thereon. Bennett vs. Keehn, 57 Wis. 582, 15 N. W. Rep. 776. The tax deed itself shows that it was based upon a purchase, and not an assignment of the certificate. The form used would have been sufficient if the land had been bid off by the collector for the State and the transfer of the certificate had been from the Comptroller, because the title of the State would have been complete without the execution of a deed upon the certificate. Section 62 Revenue Acts of 1883, p. 39, Chapter 3413. The right of a private purchaser under a tax sale is different. To enable any other person than such purchaser at the sale to take a deed upon such purchase there must be an assignment of the certificate, and the fact of such assignment should be stated in the tax deed. Construing the recitation in the tax deed with the terms of the deed endorsed upon the tax certifi-

cate, it is clear that the tax deed to said defendants was not made to them by reason of their being assignees of the certificate of the tax sale, but because they held a deed to the land in question from the holder of the tax certificate. To sustain such a deed as valid would deprive the statute in reference to assignments of tax certificates of all of its force and effect, and any person who held a conveyance of land made by the holder of a tax certificate would be entitled to a deed upon such certificate without an assignment of it.

The judgment of the Circuit Court is affirmed.