# Capehart v. McGahey.

*Statutory Action of Ejectment.*

[Decided February 13, 1902.]

1. *Tax sales; certificate of purchase; transfer; Code, § 4067; validity of tax deed.*—An assignment of a certificate of purchase of land, which has been sold at tax sale, which is made by separate writing and not "by indorsement," not being in accordance with § 4067 of the Code, will not authorize the execution by the probate judge of a deed to the person named therein as assignee.

[Capehart v. McGahey.]

2. *Foreclosure of mortgage; parties; legal title; equity of redemption.*—Where a mortgagor, after the execution of the mortgage and while it is still unpaid, executes a deed in fee simple to another, such deed conveys only the equity of redemption, and the failure to make the grantee in said deed a party to a suit to foreclose the mortgage does not affect the legal title to the land.

APPEAL from Marshall Circuit Court.

Tried before Hon. J. A. BILBRO.

This was a statutory action in the nature of ejectment by S. C. Capehart against J. J. McGahey. After the execution of the mortgage referred to in the opinion Capehart executed a deed in fee simple to the Columbus City Mining, Manufacturing & Development Company, and thereafter acquired that company's title by becoming the purchaser of the land at a sale under a decree in chancery in a cause to which said company was a party. The opinion sufficiently states the other facts.

O. D. STREET, for appellant.— (1.) The law was substantially complied with in regard to the sale for taxes. *Lowe v. Martin*, 96 Ala. 366; *Riddle v. Messer*, 84 Ala. 242; *Gates v. Hester*, 81 Ala. 357; *Scott v. Simons*, 70 Ala. 352; *Bell v. Otts*, 101 Ala. 186; Black on Judg., § 115; Black on Tax Titles, § 166; 4 Am. & Eng. Ency. Law (2d ed.), 256, 259 and note. (2.) The Columbus City Company not having been a party to the foreclosure suit, the foreclosure is abortive, and defendant has no right to set up the outstanding title of the mortgage. *Glidden v. Andrews*, 10 Ala. 166; 14 Ala. 737; *Trammell v. Simmons*, 17 Ala. 414; *Duval v. McCloskey*, 1 Ala. 708, 728.

JOHN G. WINSTON and MARTIN & BOULDIN, for appellee.— (1.) The tax sale was irregular and invalid. *Alexander v. Savage*, 90 Ala. 383; *Smith v. Cox*, 115 Ala. 507; *Johnson v. Harper*, 107 Ala. 706; *Oliver v. Robinson*, 58 Ala. 46; *Reddick v. Long*, 124 Ala. 260; Code, §§ 4052, 4056, 3941, 4063; *Dane v. Glennon*, 72 Ala. 160; *Scott v. Brown*, 106 Ala. 604; *National Bank*

*v. Baker Hill I. Co.*, 108 Ala. 635. (2.) Capehart as a mortgagor, being in duty bound to pay the taxes, could not acquire and assert a tax title as against the mortgagee.—*Johnson v. Smith*, 70 Ala. 108; *Jackson v. King*, 82 Ala. 432; *Thorington v. City Council*, 88 Ala. 548; s. c. 94 Ala. 266; *Winter v. City Council*, 101 Ala. 649; *Gilmer v. Smith*, 103 Ala. 226; *Johns v. Johns*, 93 Ala. 239; *Donnor v. Quartermas*, 90 Ala. 164; *Bailey v. Campbell*, 82 Ala. 342; *Pruitt v. Holly*, 73 Ala. 369; 1 Jones on Mortg., §§ 680, 955; Cooley on Taxation, (2d ed.), 500-1; Burrough on Taxation, 353-4; *Blake v. Howe*, 15 Am. Dec. 684 and note. (3.) After the law day of the mortgage and default in performance of its condition, the title was vested absolutely in the mortgagee, leaving nothing in the mortgagor which a court of law can notice.—*Welsh v. Phillips*, 54 Ala. 309; *Downing v. Blair*, 75 Ala. 216; *Lomb v. Pioneer Savings and Loan Co.*, 106 Ala. 591; *Fields v. Clayton*, 117 Ala. 538; *Bernheim v. Herton*, 103 Ala. 380; *Gist v. Beaumont*, 104 Ala. 347.

McCLELLAN, C. J.—The certificate of purchase at tax sale by Myers of the land in suit was assigned to Lusk & Bell by a separate writing and not *"by indorsement."*—Code, § 4067. Lusk & Bell, therefore, were not parties to whom the probate judge was authorized to execute a deed to the land, and the writing purporting to be a deed which that officer signed, etc., and delivered to them is ineffective as a conveyance of the land to them, and void.—*Alexander v. Savage*, 90 Ala. 383. It follows that the plaintiff took no title by the alleged deed of Lusk & Bell to him. His claim of title through the Columbus City Mining, Manufacturing & Development Co. is equally abortive as against this defendant. The legal title to the land passed from Capehart into the Land Mortgage Investment and Agency Company by the mortgage of December 10th, 1888, and has since passed by mesne conveyances, assignments, and a foreclosure sale into the defendant, McGahey. If it be conceded that the said Columbus Company was not made a party to the bill under which the foreclosure was had,

[Hammond *et al.* v. Blue.]

the fact would have had no effect upon the legal title or its residence in McGahey. The only occasion for bringing the Columbus Company into the foreclosure suit was to cut off—not any legal title it had, for under Capehart's deed it had no legal title, but—its equity of redemption, and the only consequence of failing to make it a party would be to leave it with the equity of redemption from the senior mortgagee or from the defendant who has succeeded to the title of the senior mortgagee.

The plaintiff having failed to prove any legal title to the land sought to be recovered, the court properly gave the affirmative charge for the defendant.

Affirmed.

