# Copeland *v.* Bond, *et al.*

### *Bill to Quit Title.*

(Decided April 9, 1908.   Rehearing denied June 18, 1908.
46 South. 853.)

1. *Taxation; Sales; Validity; Burden of Proof.*—There must be a substantial compliance with the statutory process by which the title to real estate is divested out of the owner at a tax sale in order to render the sale valid; and the burden of showing such a compliance is on him who rests his right to land on a tax sale.

2. *Same.*—Where W. was the original purchase at tax sale and received the collector's certificate of purchase, the recitals of the deed of the judge of probate executed to one L. that L. is the present owner and holder of the said certificate—the certificate that was issued to W.) is not proof prima facie of the assignment of the certificate from W. to L.; the deed being to one other than the original purchaser and not showing with essential certainty that the judge of probate was authorized to execute the conveyance to L. While the judge of probate may recite his conclusion that an assignment by endorsement had been effected, his conclusion that one is the owner and holder of the certificate is a conclusion outside the statute. And L. being complainant's grantor in a bill to quiet title, the deed from the probate judge to L. is void and not proof of title. (Construing sections 4063 and 4067 and 4074, Code 1896.)

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by R. Copeland against Emma Bond and others the quiet title. From a decree dismissing the bill complainant appeals. Affirmed.

H. K. WHITE, for appellant. Counsel cites the sections of the Code applicable to tax sales and insists that a substantial compliance is had therewith.

SMITH & SMITH, for appellee. Counsel discuss assignments of error, but without citation of authority.

McCLELLAN, J.—Bill to quiet title. It is essential to the validity of a tax sale that there shall be a substantial compliance with the statutory processes by which the title to real estate is divested out of the owner; and one who rests his right to the land upon a tax sale has the burden to show such compliance with the statutory requirements.—*Johnson v. Harper,* 107 Ala. 706, 18 South. 189. Section 4063, Civ. Code 1896, provides that the collector shall make out and deliver to the purchaser at the tax sale a certificate of purchase, and declares with particularity what the certificate shall contain. This certificate is not a mere memorandum, to be destroyed by the purchaser at his will, but upon it the ex-

ecution of the deed by the probate judge is based. Civ. Code 1896, § 4074. It is provided therein that "* * * the judge of probate then in office must execute and deliver to each purchaser, other than the state, *or person to whom the certificate of purchase had been assigned* (italics supplied), upon the return of the certificate, * * *" a deed to the real estate, etc. Section 4067 provides for assignment by indorsement of the certificate of purchase, and renders such assignment effective to vest in the assignee all the right and title of the original purchaser.

In *Alexander v. Savage,* 90 Ala. 384, 8 South. 93, writing to these statutes to which we have referred, it is said: "The statute invests the probate judge with the authority to execute a tax deed, only to the following classes of persons: (1) To the original purchaser at the tax sale; (2) to the assignee, by written indorsement, of the certificate of purchase; (3) by necessary implication, possibly, to the devisees or heirs of a deceased purchases, as to which, however, quære?" In accordance with this announcement, in the recent case of *Capehart v. McGahey,* 132 Ala. 336, 31 South. 503, it was said: "The certificate of purchase at tax sale by Myers of the land in suit was assigned to Lusk & Bell by a separate writing, and not by indorsement.' Civ. Code 1896, § 4067. Lusk & Bell, therefore, were not parties to whom the probate judge was authorized to execute a deed to the land, and the writing, purporting to be a deed, which that officer signed, etc., and delivered to them, is ineffective as a conveyance of the land to them, and void."

It appears from the recitals of the deed from the probate judge to Leatherwood, complainant's grantor, that Weaver was the original purchaser at the tax sale, and that he received the collector's certificate of purchase.

The certificate is not noted as testimony in the cause, nor is an assignment of it by indorsement to Leatherwood by Weaver shown, unless a valid assignment can be taken as proven, prima facie, by these recitals in the conveyance mentioned: "And whereas, the time for the redemption of said lands by said owner or other person having an interest therein has elapsed, and said certificate of purchase has been returned to the probate court of said county, * * * do by these presents grant, * * * unto R. L. Leatherwood, who is the present owner and holder of said certificate of purchase. * * *" we are of the opinion that such recitals, the deed being to one other than the original purchaser, do not show with that certainty essential, that the judge of probate was authorized to execute the conveyance to Leatherwood. The statute (Civ. Code 1896, § 4067) defines the method by which alone the certificate may be assigned. It must be "by indorsement." The recital that one is the present owner and holder of the certificate of purchase is manifestly a totally different matter from a recital, prima facie, under the statute (section 4067), proving the fact, that the original purchaser has assigned, by indorsement, the certificate of purchase. The judge of probate may recite his conclusion that an assignment by indorsement had been effected; but his conclusion that one is the owner and holder of the certificate is a conclusion dehors the statutes, which lays conditions upon the very right of the probate judge to execute this conveyance.—*Bolling v. Smith*, 79 Ala. 535; *Capehart v. McGahey*, supra. 2 Cooley on Taxation, p. 995, note 4; *Sanders v. Ransom*, 37 Fla. 457, 20 South. 530.

We therefore hold that on the proof made by this record the deed to Leatherwood is void, because it is not shown that he was assignee to whom the judge of

probate was authorized to execute a conveyance of lands sold at tax sale. The decree dismissing the bill is, hence, affirmed.

Affirmed.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.