Argued June 22, decided June 27, 1911.

## SEARS v. MURDOCK.

[117 Pac. 305.]

QUIETING TITLE—BURDEN OF PROOF.

1. While in trials of title to land plaintiff must recover on the strength of his own title rather than upon the weakness of that of his adversary, when defendant admits the fee to be in plaintiff and deraigns his own title from plaintiff, and claims that plaintiff's title has since been defeated, defendant must establish his title in the first instance, and on failing to do so plaintiff is entitled to judgment.

TAXATION—TAX SALES—DESCRIPTION OF ASSESSMENT ROLL.

2. Where the description of the property on the assessment roll does not show whether it is in range 1 "west" or "east," leaving a variation of six miles, which prevents the exact location of the land described, the assessment is void, in view of the statute requiring a full and precise description of lands owned by each person.

From Washington:  JAMES A. EAKIN, Judge.

Statement by MR. JUSTICE BURNETT.

This is an action by J. M. Sears against Emer Murdock to recover the possession of the northwest quarter of the southwest quarter of section 33, in township 2 south, range 1 west of Willamette Meridian in Washington County, Oregon. The defendant denied the allegations in the complaint, which is in the usual form and, for his affirmative defense, alleged that during the year 1897 the plaintiff was the owner in fee simple of the

premises in dispute, and further proceeded to set up in detail certain proceedings by the assessor, the board of equalization, and the county court, culminating in the levy and attempted collection of certain taxes for that year in Washington County by sale of the property, whereby through mesne conveyances he succeeded to plaintiff's title. He further pleaded the short statute of limitations, claiming that this was an action for the recovery of land sold for delinquent taxes; and still further alleged that he had been in the open, notorious, peaceable, and hostile possession of the real property in question, under color of title, for 10 years last past. The reply traverses all the affirmative allegations of the answer, except that the defendant's grantor, claiming under the tax proceedings, had executed deeds to the defendant, and that the defendant had immediately gone into possession of the property. At the trial the plaintiff relying in the first instance upon the allegation of the answer, showing a title in him, rested without offering any evidence in chief. The defendant also rested without offering any evidence, and the plaintiff at first did the like, but on further reflection obtained permission of the court to reopen the case, and read in evidence the assessment rolls of Washington County for the years 1897 and 1899, as well as the deed to defendant's grantor, based upon the assessment of 1897, and rested. The court then directed a verdict for the defendant, and from the ensuing judgment the plaintiff appeals.

REVERSED.

For appellant there was a brief with oral arguments by *Mr. Webster Holmes, Mr. Newton McCoy,* and *Mr. H. B. Nicholas.*

For respondent there was a brief with oral arguments by *Messrs. Bagley & Hare.*

MR. JUSTICE BURNETT delivered the opinion of the court.

Taken in its entirety, considered with the fact that the defendant offered no evidence at all at the trial, the answer amounts to a confession and avoidance of the plaintiff's cause of action. The defendant asserts, affirmatively, that the plaintiff was the owner of the property, and, until the contrary is shown, it is presumed that the plaintiff continues to be such owner.

1. It is of course axiomatic in trials of title to land that a party must recover on the strength of his own title rather than upon the weakness of his adversary's holding; but when, as in this case, a defendant admits that the plaintiff was the owner in fee of the property and deraigns his own title from the latter, it is for the defendant to establish his title in the first instance. By his further and separate answer, the defendant assumed the task of showing that the plaintiff's title once in existence had afterwards been defeated. He assumed the laboring oar; but, when the issue was presented, he refused to go forward, and a judgment should have been rendered for the plaintiff at that juncture upon the motion of the latter for that purpose. The plaintiff, however, took it upon himself to show affirmatively the defects in the defendant's title, and it remains to be seen whether by his action in that respect he proved the defendant's case.

2. The description of the property appearing upon the assessment rolls of Washington County for the years 1897 and 1899 is as follows: "N. W. 1/4 of S. W. 1/4, section 33, township 2 S., range 1." It is not stated in this description whether the property is in range 1 west or 1 east of the meridian. The variation of six miles thus left indefinite is sufficient to nullify the attempted description of the land. Such an assessment is void in the face of the statute requiring a full and precise description of the lands owned by each person. *Jory* v. *Palace*

*Dry Goods Company,* 30 Or. 196 (46 Pac. 786) ; *Martin* v. *White,* 53 Or. 319 (100 Pac. 290).

The evidence thus offered by the plaintiff disclosed an incurable defect in the defendant's title, so far as the same rested upon the tax proceedings alleged in his answer. No proof whatever of the other allegations of the answer having been offered, it was error to refuse the plaintiff's motion for judgment.

The judgment will be reversed, and the cause remanded for further proceedings, not inconsistent with this opinion.

REVERSED.