Argued January 31, reversed February 27, rehearing denied
June 6, 1917.

## NOBLE v. WATROUS.*

(163 Pac. 310; 165 Pac. 349.)

**Taxation—Tax Title—Burden of Proof.**

1. Except as the statute relieves him of the burden, a party asserting a tax title must show a compliance with the statute in each step leading up to the execution of his deed.

---

*For cases passing upon reimbursement of taxes paid by purchaser as condition of equitable relief against invalid tax title, see note in **L. R. A.** 1915C, 492.    REPORTER.

**Taxation—Tax Title—Assessment.**

2. Section 3127, B. & C. Comp., providing that a tax deed shall be *prima facie* evidence, shifts the burden of proof, but does not validate a tax title based on an insufficient assessment.

**Taxation—Tax Title—Assessments—Description of Land.**

3. Under Section 2770, Hill's Ann. Laws 1892, requiring that the assessment-roll contain a description of each parcel of land to be taxed, a tax title based on two assessments respectively describing the land as "W.$^2$ of N. E.$^4$" and "W'.½ of N. E.$^4$" of a certain section, township and range was invalid.

**Taxation—Tax Title—Suit—Costs—Taxation.**

4. Where in an action to quiet title it appears that the former owner abandoned the land more than twenty years before suit, that plaintiff secured a deed from her for a nominal consideration immediately prior to suit, that defendant purchased a tax title believing it unquestioned and paid the full value of the land, and for nearly twenty years paid taxes on the property, improving it, and exercising some dominion over it, though insufficient to satisfy the statute of limitations, and that the trial of the present suit was delayed nearly eight years, costs will be allowed to defendant in both courts on reversal of a decree for defendant and rendition of a decree for plaintiff.

**Taxation—Tax Title—Suit—Conditional Decree—Reimbursement for Taxes Paid.**

5. Where it further appears in such case that defendant has paid taxes on the property during pendency of suit, the decree for plaintiff should be conditioned on his paying into court the money necessary to reimburse defendant for such taxes, with lawful interest thereon.

## ON PETITION FOR REHEARING.

**Taxation—Assessment—Description of Property.**

6. Section 2774, Hill's Ann. Laws 1892, providing that it should be sufficient to describe lands in all proceedings relative to assessing them for taxes by initial letters, abbreviations and figures to designate the township, range, section or part of a section, did not authorize the use of the exponents $^2$ and $^4$ to designate half and quarter sections, though thereunder the initial letters "N. E." would be accepted as the equivalent of northeast, "Sec." as section, and the figures ¼ as one fourth.

**Appeal and Error—Supplemental Record—Filing After Decision.**

7. Leave to file a supplemental record to correct an error in the transcript on file will not be granted, after the case has been decided and a petition for rehearing has been filed, where it could not lead to any different determination of the appeal.

**Taxation—Tax Deed—Presumptions and Burden of Proof.**

8. Under Section 3127, B. & C. Comp., providing for the issuance of a deed to the purchaser at a tax sale, and that such deed shall be *prima facie* evidence of certain facts as to the assessment and sale, such presumptions of regularity attach only to a deed in favor

of the purchaser, and do not attach in favor of a deed to an assignee of the certificate of sale.

[As to effect of recitals in tax deeds, see note in 31 Am. St. Rep. 233.]

**Taxation—Delinquent Tax-roll—Description of Property.**

9. That a delinquent tax-roll did not show whether the range in which the property lay was east or west was a fatal defect.

**Taxation—Tax Sale—Time of Sale.**

10. Under Section 2814, Hill's Ann. Laws 1892, requiring the warrant for the collection of delinquent taxes to be issued within ten days after the first Monday in April, and to be returnable on the first Monday in July, Section 2815, under which the warrant, when issued, had the force and effect of an execution, and Section 278, under which the life of an execution, unless prolonged in some way, was sixty days, where a warrant was not issued until July 27th, and the sale did not take place until November 29th, the warrant was *functus officio,* and the sale thereunder was void.

From Washington: HENRY L. BENSON, Judge.

Suit by H. E. Noble, against J. Arthur Watrous and —— Watrous, his wife, Sherman Bacon and —— Bacon, his wife, to quiet title. From a decree in favor of defendants, plaintiff appealed. Reversed.

Department 2. Statement by MR. JUSTICE MC-CAMANT.

This is a suit brought to quiet the title to the west half of the northeast quarter of section 13, T. 3 N., R. 4 W., in Washington County. Both parties claim under Florence E. Watts, who was admittedly the owner of the property in 1895 and 1896. Plaintiff claims under a deed in his favor executed by Mrs. Watts and her husband December 14, 1905. The defendants claim under tax sales held for the purpose of enforcing the lien of the taxes levied for the years of 1895 and 1896. The property was purchased at these tax sales by the defendant Watrous, who conveyed to the defendant Bacon. From a decree for defendants, plaintiff prosecutes this appeal.

REVERSED. REHEARING DENIED.

For appellant there was a brief over the names of *Messrs. Wood, Montague & Hunt* and *Mr. John M. Wall,* with an oral argument by *Mr. Richard W. Montague.*

For respondents there was a brief over the names of *Mr. Edmund B. Tongue* and *Mr. Thomas H. Tongue,* with an oral argument by *Mr. Edmund B. Tongue.*

MR. JUSTICE McCAMANT delivered the opinion of the court.

1. It is settled law in this jurisdiction that tax titles are not favored. Except as the statute relieves him of the burden, the party asserting a tax title must show a compliance with the statute in each of the steps leading up to the execution of his deed: *Rafferty* v. *Davis,* 54 Or. 77 (102 Pac. 305); *Ayers* v. *Lund,* 49 Or. 303, 307 (89 Pac. 806, 124 Am. St. Rep. 1046). The defendant Bacon, who is asserting the tax titles, relies on Section 3127, B. & C. Comp. This section of the Code, which was in force when the tax deed in favor of this defendant was executed, provides in part that a deed executed in conformity with its provisions

"shall be *prima facie* evidence in all the courts of this state in all controversies relating to the rights of the purchaser, or his heirs or assigns, to the land thereby conveyed, of the following facts: (1) That the real property conveyed was subject to tax for the year or years stated in the deed; (2) that the taxes were not paid at any time before the sale; (3) that the real property conveyed has not been redeemed from the sale at the date of the deed; (4) that the property had been listed and assessed; (5) that the taxes were levied according to law; (6) that the property was duly advertised for sale; (7) that the property was sold for taxes as stated in the deed:—and it shall be conclusive evidence of the following facts: (1) That the manner in

which the listing, assessment, levy, notice, and sale
were conducted was in all respects as the law directed;
(2) that the grantee named in the deed was the pur-
chaser; (3) that all the prerequisites of law were com-
plied with by all the officers who had, or whose duty it
was to have had, any part or action in any transaction
relating to or affecting the title conveyed, or purport-
ing to be conveyed, by the deed from the listing and
valuation of the property up to the execution of the
deed, both inclusive, and that all things whatsoever re-
quired by law to make a good and valid sale, and to
vest the title in the purchaser were done, except in re-
gard to the points named in this section wherein the
deed shall be presumptive evidence only.''

2, 3. This legislation shifts the burden of proof, but
does not operate otherwise to validate a tax title based
on an insufficient assessment. In the absence of a valid
assessment there can be no transfer of title through a
tax sale. The assessment for the year 1895 describes
the land as W.$^2$ of N. E.$^4$ Section 13 Township 3 N.
Range 4 West. The assessment for 1896 uses the fol-
lowing description: W. $\frac{1}{2}$ of N. E.$^4$ Section 13 Town-
ship 3 N. Range 4 West. It has been repeatedly held
that an exponent *two* is not effectual to designate a
half-section and an exponent *four* will not designate a
quarter-section: *Power* v. *Bowdle,* 3 N. D. 107 (54
N. W. 404, 44 Am. St. Rep. 511, 21 L. R. A. 328) ; *State
Finance Co.* v. *Mulberger,* 16 N. D. 214 (112 N. W. 986,
125 Am. St. Rep. 650) ; *Farmers' Bank* v. *Martin,* 29
N. D. 269 (150 N. W. 572, L. R. A. 1915D, 432) ; Black
on Tax Titles (2 ed.), § 114; 1 Cooley on Taxation, 748,
note; 37 Cyc. 1059, note.

We have been cited to no authority to the contrary,
nor have we been able to find any. This record con-
tains no testimony to the effect that such exponents are
customarily used to designate half and quarter sec-

tions. It was expressly required by the statute in force when this assessment was levied that the assessment-roll should contain a description of each parcel of land to be taxed: Section 2770, Hill's Ann. Laws. We are therefore constrained to hold that these assessments are insufficient as the basis of the said defendant's title. We may add that there are other grounds on which these tax titles are attacked and we are by no means clear that they could be upheld even if the assessments were valid.

4. It appears from the record that Florence E. Watts, the former owner of the property, abandoned it more than twenty years ago and that plaintiff secured a deed from her for a nominal consideration immediately prior to the bringing of this suit. On the other hand, the defendant Bacon purchased from the defendant Watrous in the belief that the title was unquestioned and paid full value for the land. For nearly twenty years the defendants have paid the taxes on the property. While the evidence fails to show such a possession of the property by the defendant Bacon as would satisfy the statute of limitations or defeat plaintiff's right to maintain this suit, it does show the exercise of dominion over the property from time to time by the defendant Bacon and some improvement of the property by him without protest from anyone. This suit was brought March 20, 1906; it was not tried until February 18, 1914. In view of the circumstances above recited, the defendant Bacon will recover costs in both courts.

5. In response to an order passed by the lower court plaintiff has paid into that court the moneys necessary to reimburse the defendants for taxes paid by them prior to the bringing of this suit. His relief should be conditioned on the further payment to the defendant

Bacon of the amounts paid by the latter for taxes on the property during the pendency of this suit, with lawful interest thereon. Subject to this condition, plaintiff is entitled to a decree quieting his title against the defendants.

The decree of the lower court is reversed.

REVERSED. REHEARING DENIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE BEAN concur.

Denied June 6, 1917.

ON PETITION FOR REHEARING.

(165 Pac. 349.)

Petition for rehearing. Denied.

*Mr. Edmund B. Tongue* and *Mr. Thomas H. Tongue,* for the petition.

*Messrs. Wood, Montague & Hunt* and *Mr. John M. Wall, contra.*

Department 2. MR. JUSTICE MCCAMANT delivered the opinion of the court.

A petition for rehearing has been filed by the defendant Bacon and we have re-examined the questions involved in this case. The petition calls our attention to the cases of *Oregon R. Co.* v. *Umatilla County,* 47 Or. 198 (81 Pac. 352), and *Martin* v. *White,* 53 Or. 319 (100 Pac. 290). In each of these cases the record shows an assessment in which quarter-sections are undertaken to be indicated by the exponent *4,* and half

sections, by the exponent *2*.   The former of these cases
was an attack by writ of review upon an order of the
County Court of Umatilla County levying a tax on
the property of plaintiff.   On page 208 of the opinion
the court suggested that the description was not as
certain and definite as it should be, and that it was
probably not sufficient to support a title acquired at
a tax sale.   In the case of *Martin* v. *White* the descrip-
tion was held to be insufficient on other grounds.
Neither of these authorities tends to support the suffi-
ciency of the descriptions referred to in the former
opinion.

6. Our attention is directed to Section 2774 of Hill's
Code, which was in force when the assessments were
made on which the tax title is based.   This section is
as follows:

"It shall be sufficient to describe lands, in all pro-
ceedings relative to assessing, advertising, or selling
the same for taxes, by initial letters, abbreviations,
and figures to designate the township, range, section,
or part of a section, and also the number of the lots and
blocks."

Under this statute the initial letters *N. E.* may be
accepted as the equivalent of Northeast, and *Sec.*, as
a satisfactory abbreviation of Section.   It is not neces-
sary to spell out one-fourth; the figures $\frac{1}{4}$ are a suffi-
cient designation.   This is as far as the statute goes.
In his petition for a rehearing the defendant Bacon
cites many authorities to sustain his contention that the
description in question is sufficient.   *Atkins* v. *Hinman,*
7 Ill. 437, is the only one of them which involved a de-
scription in which a quarter-section was designated by
the figure 4.   While the description in that case was
upheld as sufficient, the attention of the court was not
directed to this point, the attack being based on other

grounds. We have found no case in which a court has squarely decided that such a description is sufficient. The text-books pronounce it fatally defective for purposes of assessment and taxation. For additional authorities to this effect see: *Keith* v. *Hayden,* 26 Minn. 212 (2 N. W. 495) ; *Turner* v. *Hand County,* 11 S. D. 348 (77 N. W. 589) ; *Stokes* v. *Allen,* 15 S. D. 421 (89 N. W. 1023) ; *Moran* v. *Thomas,* 19 S. D. 469 (104 N. W. 212).

7. The petition states that the original assessment-roll for the year 1896 does not describe the property in the manner indicated in the opinion, and leave is asked to file a supplemental record here to correct the error in the transcript on file. It was held in *State* v. *Jennings,* 48 Or. 483, 494 (89 Pac. 421), that the record in this court cannot be corrected after the case has been decided and a petition for rehearing has been filed. The application for correction in that case was made by an appellant. If we shall assume that a different rule should apply in this case, inasmuch as the application is made by a respondent, the application should be denied because it could not lead to any different determination of the appeal.

8. When the property in question was sold for the payment of the 1896 taxes, the defendant Watrous was the purchaser. There was no deed issued to him, and the only deed which appears in the record is a deed executed to the defendant Bacon as his assignee after this suit was brought. The statute in force at that time made no provision for such a case. The only tax deed authorized by it was a deed in favor of the purchaser at the tax sale. It has been held that a tax deed issued in favor of a grantee not expressly entitled by the statute to receive it is void: *Alexander* v. *Savage,* 90 Ala. 383 (8 South. 93) ; *Capehart* v. *McGahey,* 132 Ala. 334 (31 South. 503) ; *Sanders* v. *Ransom,* 37 Fla. 457 (20

South. 530); *Territory* v. *Perea,* 6 N. M. 531 (30 Pac. 928). On the other hand, there is respectable authority that such a deed can issue: 1 Blackwell on Tax Titles (5 ed.), 632; 37 Cyc. 1423. It is unnecessary in this case to determine the question of law arising on this conflict in the authorities. Under the statute in effect when the deed was made, Section 3127, B. & C. Code, the presumptions as to regularity referred to in our former opinion can attach only to a deed in favor of the purchaser. This is the plain language of the statute and we cannot extend its meaning by construction. Any statute which precludes a party from alleging and proving the truth should be strictly construed, and such construction is called for where, as in this case, a tax title is involved.

9. In so far as the defendant Bacon relies on the sale for the taxes of 1896, there are no presumptions in his favor, and the burden devolved upon him to show a compliance with the statute in all respects. He has not sustained this burden. It appears affirmatively that the delinquent tax-roll does not show whether the range in which the property lies is east or west. This has been held a fatal defect in description: *Sears* v. *Murdock,* 59 Or. 211, 213 (117 Pac. 305).

Under Section 2814 of Hill's Code, which was in force at the time, the warrant for the collection of delinquent taxes should have issued within ten days after the first Monday in April, 1897, and should have been returnable on the first Monday in July, 1897. The warrant did not issue until July 27, 1897, and the sale did not take place until November 29, 1897. It has been held that the requirements of the statute as to the time of issuing and returning the warrant are matters of substance and if the statute is not complied with in these respects the tax title must fail: *Shimmin* v. *Inman,* 26 Me. 228;

*Pinkham* v. *Morang,* 40 Me. 587; *Jenkinson* v. *Auditor General,* 104 Mich. 34 (62 N. W. 163).

10. Under Section 2815 of Hill's Code the warrant when issued had the force and effect of an execution. The life of an execution, unless prolonged in some way not involved here, was sixty days: Section 278, Hill's Code.

This court has held that a stricter compliance with the law is required in tax sales than in sales under execution: *Walton* v. *Moore,* 58 Or. 237, 240 (114 Pac. 105). It is clear that the warrant under which the property was sold was *functus officio* on the day of sale: 10 R. C. L. 1269.

The petition for rehearing admits that the designation of the half section by the exponent *2,* and the quarter-section by the exponent *4,* appears in the tax-roll for 1896 and in the certificate of sale issued in favor of the defendant Watrous. On all of these grounds we are clear that the tax title must fail.

The title of the defendant Bacon is attacked on still other grounds. There are no dollar-marks in the tax-roll for 1896. The value of the property is listed as 200 and the tax as 300. These figures are not qualified by decimal marks or separated by lines as in the judgment docket involved in *De Lashmutt* v. *Sellwood,* 10 Or. 319, 324. It has been held by the federal court for Oregon that this is a fatal defect: *Tilton* v. *Oregon Cent. etc. Road Co.,* Fed. Cas. No. 14,055, 3 Sawy. 22, 24; and the holding of the California court is to the same effect: *Hurlbutt* v. *Butenop,* 27 Cal. 50, 57; *People* v. *San Francisco Sav. Union,* 31 Cal. 132; *Emeric* v. *Alvarado,* 90 Cal. 444, 466, 467 (27 Pac. 356). These decisions have been somewhat criticised and it is not necessary in deciding this case to determine whether the principle they announce is the law. The title of

the defendant Bacon is doubtful on this latter ground, and clearly bad on the other grounds above noted.

The petition for rehearing strongly emphasizes the circumstances alluded to in the concluding portion of our former opinion. The position of the defendant Bacon is indeed one of hardship, but it is the province of the court to declare the law. Under the law plaintiff is entitled to prevail and we are obliged to enter a decree as outlined in our former opinion.

FORMER OPINION APPROVED.    REHEARING DENIED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE MOORE and MR. JUSTICE BEAN concur.