# BURTON v. HOOVER et al.

No. 5729.   Decided December 29, 1937.   (74 P. [2d] 652.)

*George B. Stanley,* of Heber, and *Willey & Willey,* of Salt Lake City, for appellant.

*L. C. Montgomery,* of Heber, and *Jesse R. S. Budge,* of Salt Lake City, for respondents.

WOLFE, Justice.

Appeal from a decree of the trial court quieting title to certain lands in Wasatch county in defendants. Their claim to title was founded on quitclaim deeds issued by Wasatch county in pursuance of a private sale of the property to which the county had allegedly obtained title by auditor's deeds founded on certificates of sale for default of taxes for the year 1926. Plaintiff, the original owner of the property before tax proceedings, brought suit alleging ownership in him of the lands described in the complaint and that defendants claimed "a title or interest in the premises or lien thereon adverse to plaintiff by and through certain tax certificates or tax deeds which in truth and fact are invalid." The prayer prayed that the "tax certificates and tax deeds be adjudged void and that the cloud thereby created upon plaintiff's title be removed."

Defendants set up that they were the owners of said property and that they were in possession, and that such owner-

ship and possession were based on a certain deed from Wasatch county; alleged that Wasatch county obtained title to the land by two certain auditor's tax deeds, and that these auditor's deeds were issued by virtue of two certain certificates of tax sale issued by reason of failure to pay certain taxes assessed against the property for 1926; that the assessments, fixing of levies, making sale, issuing of the certificates of sale, auditor's tax deeds, and county quitclaim deeds to defendants were regular and valid. The prayer is that plaintiff's complaint be dismissed and title to the lands be quieted in defendants. The court found as prayed for by defendants, hence this appeal by plaintiff.

Plaintiff and appellant contends that the county never received title by the auditor's deeds because of the illegality and invalidity of certain prior proceedings essential to the validity of auditors' deeds. He specifies six particulars in which he claims such proceedings are illegal and invalid, with reasons in support of each, but we deem it necessary to pass on one only, wherein it is claimed that the certificates of tax sale fail sufficiently to describe or locate the property sold, in that they do not show the range or township in which the property is located; the only indications being after the detailed description, respectively, "Sec. 7-5-4" and "Sec. 18-5-4."

The respondents made no answer to appellant's contentions in their brief. While they make the statement that they do not concede the defects pointed out by appellant are any more than mere irregularities not sufficient to invalidate any of the tax proceedings questioned, they spend their entire brief on arguing the contention that plaintiff's complaint did not state a cause of action.

The complaint does not state a cause of action, say defendants, because it fails to allege that plaintiff offered to pay defendants the amount of taxes, interest, and penalties paid by defendants which constitute defendants' investment, or fails to allege that plaintiff offered to do equity as a condi-

tion of obtaining equity. Cases are cited which appear to hold that such an allegation is necessary.

In certain cases perhaps, where plaintiff has himself committed a wrong and seeks redress from defendant, it may be that he should in his pleading offer to make right the wrong. By so doing, he puts himself on record and commits himself to a promise to remedy the wrong. But even in such case it would seem that the chancellor could, ■ as a condition precedent to the defendant being required to act, require plaintiff to redress his wrong. The addition of such an offer in a pleading seems to be a matter outside of the cause of action relied on by the pleader and a court of equity may and will, as the case reveals a situation wherein plaintiff has been wronged but defendant also must be made whole by plaintiff, draw its decree accordingly. The effect of *Bolognese* v. *Anderson,* 87 Utah 455, 49 P. (2d) 1034, is that the pleading need not allege an offer to repay defendant's investment in the property. The court of equity will make that a part of the total equity it administers to adjust the situation. It is a part of the remedy and not of the cause of action. In the case of *Utah Lead Co.* v. *Piute County,* 92 Utah 1, 65 P. (2d) 1190, it was held that no such allegation was necessary. That case illustrates how useless is such an offer, for in that case plaintiff contended it owed no taxes. To offer to pay the purchaser's investment would have been to offer to pay something which, according to its own contention, it did not owe. And a general offer to do such equity as the court found from the evidence it should do to make the defendant whole, would be to allege something which is implied in every action wherein equity is asked. If this is not the law in other jurisdictions, it will be the law because it is common sense. We have passed the day when useless allegations are required.

It follows, therefore, that the contention of the defendants that the complaint does not state a cause of action is not well

taken. Even though it were, it is difficult to see how it would aid defendants to obtain affirmative relief ▪ on their own counterclaim. They must stand on the strength of their own title. Maybe plaintiff could not have affirmative relief, but if defendants could not show good title in themselves, equity would not decree it to them.

This brings us to a consideration of plaintiff's contentions. As above stated, we deem it necessary to consider only the one set out above. Plaintiff contends that the certificates of sale fail sufficiently to describe the property sold, in that they do not show the range or township in which the property is located; the only indications being after the detailed descriptions, respectively, "Sec. 7-5-4" and "Sec. 18-5-4." It is contended that such descriptions do not in the first place indicate a range or township, and in the second place, if so, whether the range was east or west of a meridian, or the township north or south, and above all, that no meridian is named, it therefore being impossible to tell whether the section is located according to the Salt Lake meridian or the Uintah Special meridian.

We think plaintiff's position is well taken, and for each of three reasons assigned. Section 6086, Comp. ▪ Laws Utah 1917, now section 80-11-6, R. S. Utah 1933, provides:

"In the assessment of land or the advertisement and sale thereof for taxes, initial letters, abbreviations and figures may be used to designate the township, range, section, or parts of sections."

A dash or hyphen, however, is not an initial letter, abbreviation, or figure, and the law does not authorize the use of "symbol writing." Thus, under such a statute, the integers "2" and "4" may not be used to designate "½" or "¼." *Noble* v. *Watrous*, 84 Or. 418, 163 P. 310, 165 P. 4, 5 349; *Turner* v. *Hand County*, 11 S. D. 348, 77 N. W. 589, 590; *Stokes* v. *Allen*, 15 S. D. 421, 89 N. W. 1023; *Moran* v. *Thomas*, 19 S. D. 469, 104 N. W. 212; *Power* v. *Larabee*, 2 N. D. 141, 147, 49 N. W. 724; *Power* v. *Bowdle*, 3 N. D. 107,

54 N. W. 404, 21 L. R. A. 328, 44 Am. St. Rep. 511; *Sheets* v. *Paine*, 10 N. D. 103, 86 N. W. 117; *Kern* v. *Clark*, 59 Minn. 70, 60 N. W. 809.

"The combination 's 2 s e & s 2 s w sec. or lot 30 twp. or blk. 113 rng. 69' is an idealess jumble of letters and figures, confusing in the extreme, and intolerable when employed as a means by which to divest title to real estate without the consent of the owner." *Turner* v. *Hand County*, supra.

And the omission to designate whether the range is east or west, and the township north or south, is likewise held fatal. *Wilson* v. *Jarron*, 23 Idaho 563, 131 P. 12; *Sears* v. *Murdock*, 59 Or. 211, 117 P. 305; *Noble* v. *Watrous*, supra. The first requisite in a description of real property is a definite basic starting point, which is entirely lacking when, as here, the description fails to indicate any township or range, or, if that were indicated, whether north or south, or east or west, or even from which of two meridians the land is to be located. For further discussion of the necessity of a definite description, see *Moon* v. *Salt Lake County*, 27 Utah 435, 76 P. 222; *Asper* v. *Moon*, 24 Utah 241, 67 P. 409; *Allen* v. *Fitzgerald*, 23 Utah 597, 65 P. 592; *Miller* v. *Williams*, 135 Cal. 183, 67 P. 788.

For the reason stated, the judgment in favor of defendants is reversed but as the plaintiff has invoked the aid of a court of equity to vacate the tax deeds, he must do equity, and at least to the extent to which the attempted purchase by defendants has relieved his property of liens, he must, as a condition to obtaining such relief, reimburse the defendants, together with interest on such amount at the legal rate from the date of payment until repaid. *Oregon Short Line R. Co.* v. *Hallock*, 41 Utah 378, 126 P. 394; *Utah Lead Co.* v. *Piute County*, 92 Utah 1, 65 P. (2d) 1190; *Holland* v. *Hotchkiss*, 162 Cal. 366, 123 P. 258, L. R. A. 1915C, 492. The plaintiff should also reimburse them for their outlay while in possession to the extent to which such improvements have enhanced the value of the

property. The occupying claimants' law is not in conflict with the right of a court of equity to do complete equity in one action. The court is therefore directed to take evidence regarding such matters and upon ascertaining the amount which should be repaid defendants, either to require the plaintiff as a condition precedent to the entry of a decree in his favor to make payment of such sum to defendants, or, to enter a decree in favor of plaintiff but impressing a lien in favor of defendants for such amount upon the property and providing for the sale of the property for the purpose of realizing the same if payment were not made within a reasonable time to be fixed by the court. Appellant to recover his costs.

FOLLAND, C. J., and HANSON, MOFFAT, and LARSON, JJ., concur.